ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. WILLIAMS, JR.<br>Plaintiff, | : CIVIL CASE<br>:<br>: |
| v. | : NO: 1:CV 01-0877 |
| PENNSYLVANIA TURNPIKE<br>COMMISSION,<br><br>Defendant. | :<br>:<br>:<br>:<br>: |

FILED
HARRISBURG, PA
JUN 27 2001
MARY E. D'ANDREA, CLERK

## DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Pennsylvania Turnpike Commission ("Defendant"), by its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

1. Admitted in part; denied in part. Based upon information and belief, it is admitted only that Plaintiff, Harry E. Williams, Jr. resides at the address listed in paragraph 1 of the Complaint. The remaining allegations set forth in paragraph 1 of the Complaint state conclusions of law to which no response is required and are therefore denied.

2. Admitted.

### STATEMENT OF CLAIM

3. Admitted in part; denied in part. It is admitted, upon information and belief, that Plaintiff filed a PHRC complaint in 1999 (No. E-94646-D; EEOC No. 17 FA 01545), and that he amended the complaint on or about January 13, 2000. Defendant denies that Plaintiff was passed over for a management position (the Duty Officer

position) as a result of retaliation, discrimination or any other unlawful action. Defendant further denies that it engaged in any discriminatory or otherwise unlawful treatment of Plaintiff. It is specifically denied that Defendant informed Plaintiff "not to help that 'dumb f------ nigger Terri Edwards if you value your job of 19 years.'" Quite the contrary, no such comments were made at any time. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 3 of the Complaint and therefore said allegations are denied.

WHEREFORE, Defendant, Pennsylvania Turnpike Commission, hereby requests that judgment be entered in its favor and against Plaintiff, and requests attorneys' fees and costs, and such other relief as the Court deems just and necessary.

## DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant did not engage in any unlawful employment practice(s) with respect to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant to this litigation, Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to seek claims upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e), et. seq.

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not discriminate, harass and/or retaliate against Plaintiff on the basis of his opposing the alleged unfair treatment of a black female co-worker, or for any other reason.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it did not discriminate or retaliate against Plaintiff in any respect.

### NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it had policies and procedures in place for the reporting of any alleged harassment, discrimination and/or retaliation and that Plaintiff unreasonably failed to take advantage of said preventative and/or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to it under the Pennsylvania Human Relations Act and/or Title VII of the Civil Rights Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to exhaust his administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged discriminatory actions about which he complains exceed the scope of the allegations made in his administrative complaint to the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission.

PH1 286828v1 06/25/01

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by one or more of the following doctrines: sovereign immunity, qualified immunity, immunity under the 11th Amendment of the U.S. Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

All averments pertaining to the jurisdiction are denied and strict proof thereof is demanded at the trial of this case.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injuries as a result of any act or omissions by Defendant.

IN WITNESS WHEREOF, Defendant requests the Complaint be dismissed, with prejudice.

Respectfully submitted,

_____
MARVIN L. WEINBERG, ESQUIRE
JOHN C. ROMEO, ESQUIRE
FOX, ROTHSCHILD, O'BRIEN
  & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
(215) 299-2000

Attorneys for Defendant,
Pennsylvania Turnpike Commission

Dated: June 26, 2001

PH1 286828v1 06/25/01

## CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses in the foregoing action, was served on Plaintiff via first class mail, postage pre-paid addressed as follows:

> Harry E. Williams, Jr.
> 319 Caravan Court
> Middletown, PA  17057

_____
JOHN C. ROMEO

Dated:  June 26, 2001