**Attorneys for Plaintiff:**     Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
Phone: (717) 221-9500

**Attorneys for Defendant:**     Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL
Philadelphia, Pennsylvania 19103-3291
Phone: (215) 299-2000
Fax:    (215) 299-2150

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Harry E. Williams, | : CASE NO. 1:CV-01-0877 |
| Plaintiff | : |
| | : |
| v | : JUDGE RAMBO |
| | : |
| Pennsylvania Turnpike Commission, | : |
| Defendant | : JURY TRIAL DEMANDED |

FILED JAN 2 5 2002

## JOINT CASE MANAGEMENT PLAN

**Instructions:** In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1.  Principal Issues

    1.10   Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):

    **Plaintiff filed a pro se complaint arising out of his being refused a promotion in retaliation for his having opposed the discriminatory treatment of a co-worker.**

    By defendant(s):

    **Plaintiff alleges he was refused a management position, Duty Officer, in retaliation for allegedly opposing the alleged discriminatory treatment of a co-worker. Defendant denies that it retaliated against Plaintiff in any respect. To the contrary, Plaintiff was denied a Duty Officer position based solely on legitimate and non-discriminatory reasons; he was not the most qualified individual for a position.**

    The principal <u>factual</u> issues that the parties <u>dispute</u> are:

    1.11   **Generally, it is disputed whether plaintiff was retaliated against based on his alleged opposition to what he considered to be discriminatory treatment of a co-worker. Defendant asserts that Plaintiff was not the most qualified applicant for a Duty Officer position.**

    1.20   <u>Agree upon</u> are:

    **The parties agree that Plaintiff applied for and did not receive the Duty Officer position.**

    1.30   The principal <u>legal</u> issues that the parties <u>dispute</u> are:

    **Unknown at this time.**

    1.40   <u>Agree upon</u> are:  **Unknown at this time.**

    1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:  **None.**

    1.60   Identify any named parties that have not yet been served: **None.**

    1.70   Identify any additional parties that:

    plaintiff(s) intends to join:  **Plaintiff intends to add individual Defendants pursuant to 42 U.S.C 1983.**

defendant(s) intends to join: **None**.

1.80   Identify any additional claims that:

plaintiff(s) intends to add: **Plaintiff intends to assert claims pursuant to 42 U.S.C. 1983.**

defendant(s) intends to add: **None**.

2.0   Alternative Dispute Resolution ("ADR")

2.10   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: **None to date**.

Date ADR to be commenced: **N/A**

Date ADR to be completed: **N/A**

2.20   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**This case has already been the subject of a PHRC investigation. Nevertheless, Plaintiff still continues to pursue his allegations of retaliation. Accordingly, it is unlikely that ADR will be of further assistance.**

3.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y **X** N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton
___ Wilkes-Barre
___ Harrisburg

4.0 Disclosures

    4.100 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

        4.101 Disclosed by Defendant: **None to date.**

| Name | Title/Position |
|---|---|
| 4.102 **Joseph Sullivan** | **Former Manager, Safety & Operations Center** |
| 4.103 **William Capone** | **Director of Marketing** |
| 4.104 **J. Rispoli** | **Manager Customer Safety** |
| 4.105 **G. Rausch** | **Duty Officer** |
| 4.106 **Angela Rudy** | **Duty Officer** |
| 4.107 **Dale Wickard** | **Duty Officer** |
| 4.108 **Fred Jumper** | **Duty Officer** |
| 4.109 **Ronald Frank** | **Former Employee** |
| 4.110 **Diane Jordan** | **Duty Officer** |
| 4.111 **Joanne Gitto Davis** | **Director Human Resources** |

        4.151 Disclosed by **Plaintiff: None to date.**

| Name | Title/Position |
|---|---|
| 4.152 **Plaintiff** | |
| 4.153 **Terry Edwards** | **Former co-worker** |
| 4.154 **Witnesses disclosed by Defendant** | |

    4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by Defendant: **None to date.**

4.251 Categories of documents disclosed by Plaintiff:

    4.252 **Any discoverable documents that exist.**

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents   __**Defendant**__   will disclose:

        (party)

    4.302: **Plaintiff's personnel file**

    4.303: **Documents concerning Plaintiff's application for the Duty Officer position, if any.**

    4.304 **Documents concerning the reasons Plaintiff was not selected for the Duty Officer position, if any.**

    4.305 **Documents concerning Plaintiff's PHRC claim.**

    4.351 Additional categories of documents   __**Plaintiff**__   will disclose:

        (party)

    4.352 **Any discoverable documents that Plaintiff learns exist.**

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 plaintiff's calculation of damages: **Unknown**

    4.402 defendant's calculation of offset: **Unknown**

    4.403 counter claimant/third party claimant's calculation of damages: **N/A**

5.0 Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| **Motion for Summary** | **Defendant** | **Upon the close of Discovery** |

6.0     Discovery

    6.100   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s): **None to date.**

        By defendant(s): **Self-Executing Disclosures, Requests for Production and Interrogatories. Plaintiff's deposition has also been noticed.**

    6.200   Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"): **Defendant will depose Plaintiff concerning all allegations in his Complaint and alleged damages. Plaintiff will depose certain of Defendant's witnesses relative to all his claims.**

    6.300   Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: **N/A**

    6.400   Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: **Unknown at this time.**

    6.500   For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

        6.501   depositions (excluding experts) to be taken by:

            plaintiff(s): **10**     defendant(s): **10**

        6.502   interrogatories to be served by:

            plaintiff(s): **25**     defendant(s): **25**

        6.503   document production requests to be served by:

        plaintiff(s): **25**        defendant(s): **25**

6.504   requests for admission to be served by:

        plaintiff(s): **50**        defendant(s): **50**

6.600   All discovery commenced in time to be completed by: **July 31, 2002**

6.700   Reports from retained experts due:

from plaintiff(s) by: **August 16, 2002**
from defendant(s) by: **September 15, 2002**

6.800   Supplementations due: **September 29, 2002**

7.0       Protective Order

    7.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. **N/A**

    7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: **N/A**

8.0       Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Defendant:

---

Name: **Heather Sharp**
Title: **Assistant Counsel, Pennsylvania Turnpike Commission**
Address: **P.O. Box 67676, Administration Building, Harrisburg, PA 17106-7776**
Daytime Telephone: **(717) 939-9551**

For Plaintiff:

Name: **Harry Williams**
Title: **Plaintiff**
Address: **c/o Counsel**

9.0    Scheduling

    9.1    This case may be appropriate for trial in approximately:

        ___ 240 Days from the filing of the action in this court

        ✓ 365 Days from the filing of the action in this court

        ___ Days from the filing of the action in this court

    9.2    Suggested Date for Trial:

        **November 2002**

    9.3    Suggested Date for the final Pretrial Conference:

        **November 1, 2002**

    9.4    Final date for joining additional parties:

        Plaintiff(s):  Plaintiff reserves the right to join parties as permitted by law

        **February 15, 2002** Defendants(s)

    9.5    Final date for amending pleadings:

        Plaintiff(s): Plaintiff reserves the right to amend his pleadings as permitted by law.

        **February 15, 2002** Defendants(s)

    9.6    All potentially dispositive motions should be filed by:

        **August 30, 2002**

10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0 Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party

Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street
Philadelphia, Pennsylvania 19103-3291
(215) 299-2000

**Attorneys for Defendant Pennsylvania Turnpike Commission**

Dated: 1/25/02

_____
Andrew Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
*Attorney for Plaintiff*

Dated: January 25, 2002

_____
Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
*Attorneys for Defendant*

PH1 349326v1 01/24/02