FILED
HARRISBURG, PA

OCT 0 9 2002

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. WILLIAMS, JR., | : CIVIL CASE |
| | : |
| Plaintiff, | : |
| | : NO. 1:CV 01-0877 |
| v. | : |
| | : (Judge Rambo) |
| PENNSYLVANIA TURNPIKE COMMISSION, | : |
| | : |
| Defendant. | : |

**DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION'S
BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

MARVIN L. WEINBERG, ESQUIRE
JOHN C. ROMEO, ESQUIRE
FOX, ROTHSCHILD, O'BRIEN &
 FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
(215) 299-2000

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff Misrepresents the Facts of Record with Respect to the Role of Joseph McCool in the Selection Process .......... 2

III. CONCLUSION .......... 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. WILLIAMS, JR., | : CIVIL CASE |
| Plaintiff, | : |
| v. | : NO. 1:CV 01-0877 |
| | : (Judge Rambo) |
| PENNSYLVANIA TURNPIKE COMMISSION, | : |
| Defendant. | : |

### DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. **INTRODUCTION**

In his Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff completely ignores the numerous legitimate and non-discriminatory reasons for his failure to be promoted to a Duty Officer position. Plaintiff ignores the fact that he did not possess the requisite managerial skills to be promoted to a management position. He ignores the fact that on one occasion, there is no evidence that the Commission even received an application from him for the Duty

PH1 418256v1 10/09/02

Officer position – and, thus, that he was not eligible for the promotion. And he ignores the fact that on yet another occasion, he was not eligible for promotion to the Duty Officer position because he failed a required typing test – a test that all other eligible candidates were required to pass.

Instead of addressing any of the Commission's legitimate and non-discriminatory reasons for not promoting Plaintiff to the Duty Officer position, Plaintiff focuses solely on alleged "stray remarks" made by individuals who were not even involved in the decision making process. And in a desperate attempt to avoid summary judgment, Plaintiff asserts a series of misleading factual statements that simply are not supported by the evidence. Specifically, Plaintiff misrepresents the role that Joseph McCool ("McCool") played with respect to Plaintiff's failure to be promoted to a Duty Officer position.

Plaintiff's arguments fail to cast any doubt upon the Commission's legitimate and non-discriminatory reasons for its decision not to promote him to the Duty Officer position, and, therefore, summary judgment should be granted in favor of the Commission.

## II. ARGUMENT

### A. Plaintiff Misrepresents the Facts of Record with Respect to the Role of Joseph McCool in the Selection Process

As discussed more fully in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, "stray remarks" (such as those allegedly

attributed to McCool) are not enough to sustain Plaintiff's burden in this case, especially considering that McCool was not a decision maker, and that even assuming, *arguendo*, these statements were made, they were unrelated to the process of selecting a Duty Officer. *See* Sosky v. International Mill Serv., Inc., Civ. A. No. 94-2833, 1996 WL 32139, at *4 (E.D. Pa. Jan. 25, 1996), aff'd, 103 F.3d 114 (3d Cir. 1996); *see also* Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992).

Since it is clear that "stray remarks" by non-decision makers are not sufficient to show that a defendant's legitimate, nondiscriminatory reasons for its actions were a pretext for discrimination, Plaintiff has no alternative except to intentionally misrepresent facts in an effort to make it appear that McCool was a decision maker.

To this end, Plaintiff makes several assertions in his Brief that McCool was responsible for selecting individuals for the Duty Officer position. Contrary to Plaintiff's unsubstantiated allegations, however, the uncontroverted facts establish clearly that neither McCool nor Frank (who allegedly conveyed McCool's statements to Plaintiff) was involved in the selection process or had any input with the decision makers.[1] (Stmt. of Facts at ¶ 55). And there is no evidence that

---

[1] To the extent Plaintiff relies on the Deposition Testimony of Gregory Richards to support the idea that McCool was involved in the process, the facts of record clearly establish that Richards was not hired until September of 1999, and Plaintiff

3

anyone on the Duty Officer interview panel had any discussions with Frank or McCool with respect to Plaintiff's candidacy for the Duty Officer position. (Stmt. of Facts at ¶ 56).

Despite Plaintiff's best efforts to misrepresent the facts here, he still has failed to adduce any evidence that Frank or McCool were decision makers. Even assuming, therefore, that these comments were made, they were not made by any of the decision makers and do not demonstrate such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" so that a reasonable factfinder could determine the Commission's reasons for not selecting Plaintiff for the Duty Officer position to be unworthy of credence.

Accordingly, the alleged stray remarks cannot be used to show pretext, and should be disregarded.

### III. CONCLUSION

For all of the reasons set forth herein and in the Commission's Memorandum of Law in Support of its Motion for Summary Judgment, the Commission respectfully requests that this Court grant its Motion for Summary

---

admittedly did not even apply for the open Duty Officer position at that time. The only time Plaintiff's application was at issue after that point was the November 2000 Duty Officer position where Plaintiff was deemed ineligible due to his failing the required typing test. Therefore, Plaintiff could not have been the subject of any discussions between Richards and McCool as they discussed only those candidates recommended for hire by the interview panel. See Plaintiff's Appendix at p. 82 (Richards Dep. at p 18-19).

4

PH1 418256v1 10/09/02

Judgment and enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice.

          Respectfully submitted,

          MARVIN L. WEINBERG, ESQUIRE
          JOHN C. ROMEO, ESQUIRE
          FOX, ROTHSCHILD, O'BRIEN
           & FRANKEL, LLP
          2000 Market Street, Tenth Floor
          Philadelphia, PA 19103-3291
          (215) 299-2000

          Attorneys for Defendant,
          Pennsylvania Turnpike Commission

Dated: October 9, 2002

PH1 418256v1 10/09/02

## CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Motion for Summary Judgment, Statement of Material Facts and Memorandum of Law were served on Plaintiff's counsel via first class mail, postage pre-paid, addressed as follows:

>Andrew J. Ostrowski, Esquire
>4311 North 6th Street
>Harrisburg, PA  17110
>
>*Counsel for Plaintiff*
>
>_____
>JOHN C. ROMEO

Dated: October 9, 2002