ORIGINAL

2-to c1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HARRY E. WILLIAMS, JR., | : CIVIL CASE |
| --- | --- |
| Plaintiff, | : |
| | : NO. 1:CV 01-0877 |
| v. | : |
| | : (Judge Rambo) |
| PENNSYLVANIA TURNPIKE COMMISSION, | : |
| | : |
| Defendant. | : |



FILED
HARRISBURG, PA

MAR 21 2003

MARY E. D'ANDREA, Cl

**DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION'S
PRETRIAL MEMORANDUM**

Defendant, the Pennsylvania Turnpike Commission (the "Commission"), hereby submits the following Pretrial Memorandum pursuant to Local Rule of Civil Procedure 16.6.

As a preliminary matter, a Rule 16.3(b) Conference was held between counsel for the parties on March 18, 2003.

A.  **Jurisdiction**

This Court has subject matter jurisdiction as this claim was filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

B.  **Summary of Factual Background/Liability**

On May 18, 2001, Plaintiff Harry E. Williams, Jr. filed this action against the Commission alleging that he was passed over for a management position (the "Duty Officer" position) based on his gender and in retaliation for having allegedly supported one of his former co-employees who had previously filed discrimination claims against the Commission. Plaintiff's Complaint alleged that he applied for and was denied the Duty Officer position on three (3) separate occasions – April 1999, July 1999 and November 2000.

On August 30, 2002, the Commission filed a Motion for Summary Judgment. Plaintiff filed his response thereto on September 25, 2002. On January 22, 2003, this Court issued an Order granting the Commission's Motion for Summary Judgment, in part. Specifically, the Court granted the Commission's Motion with respect to all Plaintiff's claims except for his claim that the Commission retaliated against him in failing to promote him to the Duty Officer position in April 1999.

The only claim remaining, therefore, is that the Commission retaliated against Plaintiff when it denied him a promotion to the Duty Officer position in April 1999.

By way of brief background, Plaintiff was hired by the Commission on February 2, 1981, as a "Radio Operator I." Based on his seniority and pursuant to

2

the applicable collective bargaining agreement, Plaintiff bid for and received the position of "Radio Operator II" in April 1996. Both positions were Union positions.

All Radio Operators report to a Duty Officer, a supervisory (non-union) position created by the Commission around 1997. In April 1999, the Commission posted a "Vacancy" for three (3) open Duty Officer positions. Eight (8) candidates met the minimum qualifications for the job, and five (5) (including Plaintiff) interviewed for the job. Two (2) applicants for the Duty Officer job were selected.

Plaintiff was not recommended for promotion to the Duty Officer position (even though one position remained open) because: (1) he lacked management and decision-making skills, (2) did not have strong leadership abilities; and (3) did not have adequate computer experience.

Since the Commission has articulated legitimate and nondiscriminatory reasons for declining to offer Plaintiff the Duty Officer position, the burden is on Plaintiff to submit evidence which: (1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or (2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

Contrary to the legitimate and nondiscriminatory reasons articulated by the Commission for declining to offer Plaintiff the Duty Officer position, Plaintiff believes (and allegedly was told by his friend Ronald Frank) that he did not get the job because he had helped one of his co-employees (Terri Edwards) with respect to some issues she had with the Commission.

Plaintiff cannot, however, produce sufficient evidence casting doubt upon the Commission's articulated reasons for not promoting him to the Duty Officer position, nor can he present any evidence sufficient to permit an inference that retaliation was a motivating or determinative cause.

C.  **Statement of Undisputed Facts**

The parties hereby agree to a joint stipulation of uncontested facts as follows:

1. Plaintiff was hired as a Radio Operator on February 2, 1981.

2. In April 1996, Plaintiff bid for a Radio Operator II position; pursuant to the applicable collective bargaining agreement, Plaintiff received the position as he was the most senior bidder.

3. The Radio Operator I and Radio Operator II positions were Union positions.

4. Duty Officer is a non-union managerial position.

5. A Duty Officer must possess supervisory and management skills.

6. The Commission posted a "Vacancy" notice for three open Duty Officer positions in April 1999.

4

7. Plaintiff applied for the Duty Officer position on April 23, 1999.

8. Five (5) candidates were interviewed for the three (3) open Duty Officer positions.

9. The Commission hired Fred Jumper and Dale G. Wickard, II for two of the open Duty Officer positions.

10. Both Jumper and Wickard were highly regarded by co-workers and superiors, had management skills, administrative experience and good computer training and experience.

### D. **Description of Damages**

In his Complaint, Plaintiff seeks damages equal to back pay from 1999 to the present only. Plaintiff has not pled and, therefore, is not entitled to compensatory damages.

### E. **Witnesses**

Defendants intend to call the following witnesses:

1. William Capone
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

2. Joseph Rispoli
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

3. Joanne Gitto Davis
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-760076

4. Greg Richards
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

5. John Martino
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

6. Fred Jumper
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

7. Dale G. Wickard, II
   Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

8. Paul Heckman
   c/o Pennsylvania Turnpike Commission
   P.O. Box 67676
   Harrisburg, PA  17106-7676

9. Joseph McCool
   3582 Teton Road
   Philadelphia, PA  19154

10. Ronald Frank
    510 Porsha Terrace
    Camp Hill, PA  17011

11. Sheryl L. Williams
    c/o Andrew J. Ostrowski, Esquire
    4311 North 6th Street, Suite A
    Harrisburg, PA  17110

      12.    Gregory R. Rausch
              c/o Pennsylvania Turnpike Commission
              P.O. Box 67676
              Harrisburg, PA 17106-7676

**F.**    **Expert Witnesses**

Neither party has retained an expert witness in this matter.

**G.**    **Outstanding Discovery Issues**

As of March 18, 2002, Plaintiff's counsel agreed to pay the cost of copying documents requested in discovery. To date, however, no payment has been made. Absent this payment for copying costs, there are no other outstanding discovery issues.

**H.**    **Summary of Legal Issues**

Title VII prohibits retaliation against employees who engage in a protected activity such as bringing a claim of discrimination. See 42 U.S.C. § 2000e-3(a); Durham Life Ins. Co. v. Evans, 166 F.3d 139, 157 (3d Cir. 1999). Where a Title VII plaintiff, like Williams, does not rely on direct evidence of retaliation but instead presents indirect evidence of discrimination, the familiar burden-shifting test articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies. See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 512 (3d Cir. 1997). Under the burden-shifting framework, a Title VII plaintiff must first prove by a preponderance of the evidence that a prima facie case of discrimination exists.

Second, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, if defendant meets its burden, plaintiff must prove by a preponderance of the evidence that the legitimate reasons proffered by defendant were not its true reasons, but rather, a pretext for discrimination. See Josey v. Hollingsworth Corp., 996 F.2d 632, 637-38 (3d Cir. 1993). Although the burden of production shifts, the ultimate burden of persuasion remains with the plaintiff at all times. See Barber v. CSX Distribution Services, 68 F.3d 694, 698 (3d Cir. 1995).

To meet his burden of establishing a prima facie case of discrimination for purposes of his retaliation claim, Williams must demonstrate that: "(1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action." See Gharzouzi v. Northwestern Human Services of Pennsylvania, 225 F. Supp.2d 514, 539 (E.D. Pa. 2002) (citing Charlton v. Paramus Bd. of Educ., 25 F.2d 194, 201 (3d Cir. 1994)).

Where a plaintiff does establish a *prima facie* case, the burden of production shifts to the employer to rebut the prima facie case by producing "clear and reasonably specific" evidence that its actions were taken for legitimate, nonretaliatory reasons. Id. at 258. Placing the burden of production on the employer serves to rebut the plaintiff's prima facie case and to "frame the factual

8

issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." Id. at 255-56.

Consequently, the burden of production shifts back to the plaintiff who must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253. The Plaintiff must prove that the alleged impermissible considerations (i.e., retaliation) were a determinative factor in the adverse employment action about which the Plaintiff complains. Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993).

It is well-settled that the wisdom or accuracy of an employer's business judgment are not at issue in a discrimination case. Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). Accordingly, any question as to the "wisdom" and "accuracy" of the Commission's decision is meaningless since Plaintiff cannot provide any evidence to cast doubt upon the Commission's legitimate and nondiscriminatory reasons for the discipline imposed.

Here, Defendant has demonstrated its legitimate, nondiscriminatory reason for denying Williams the Duty Officer position in April, 1999 – his lack of certain qualifications, including management and leadership skills, knowledge of computers and decision-making ability. Plaintiff cannot produce any evidence

sufficient to establish that the stated reasons for the denial of his promotion were pretextual.

I. **Stipulations**

In addition to the statement of undisputed facts set forth in Section C, above, the parties also stipulate that on April 14, 1999, one of Plaintiff's co-employees, Terri Edwards, filed a charge of discrimination with the Equal Employment Opportunity Commission in which she alleged race discrimination (African-American).

J. **Time for Trial**

It is estimated that a trial will take three to four (3-4) days.

K. **Other Pertinent Matters to be Tried**

All pertinent issues to be tried in this case are discussed above.

L. **Schedule of Exhibits**

Defendant's Schedule of Exhibits is attached hereto as Exhibit "A."

M. **Special Verdict Questions**

Defendant's proposed Jury Interrogatories are attached hereto as Exhibit "B."

N. **Defense Counsel's Rule 16.2 Verification.**

The person(s) having settlement authority on behalf of the Commission have been notified of the requirements of and possible sanctions under Local Rule 16.2.

**O.   Local Rule 30.10 Certification**

Counsel for Commission may use no more than several pages of the oral deposition of Joseph Sullivan (deceased) at trial. Counsel for the Commission has conferred with Plaintiff's counsel in an effort to: (1) eliminate irrelevancies and side comments; and (2) resolve objections.

**P.   Requests for Findings of Fact and Conclusions of Law**

Not applicable.

Respectfully submitted,

_____
Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291
(215) 299-2706
Counsel for Defendant

Dated: March 21, 2003

# CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's pretrial memorandum was served on the following:

> Andrew J. Ostrowski, Esquire
> 4311 North 6th Street, Suite A
> Harrisburg, PA 17110
> *(by Federal Express)*

_____
John C. Romeo

Dated: March 21, 2003

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY E. WILLIAMS, JR.,                :
                                       :   CIVIL ACTION
            Plaintiff,                 :
                                       :   NO. 1:CV 01-0877
      v.                               :
                                       :   (Judge Rambo)
PENNSYLVANIA TURNPIKE                  :
COMMISSION,                            :
                                       :
            Defendant.                 :

**DEFENDANT'S LIST OF TRIAL EXHIBITS**

| DEFENDANT | PLAINTIFF | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 1 | 1 | Pennsylvania Turnpike Commission Policy and Procedure for Promoting Employees, Policy No. 65 (PTC 0534-36) | | | | |
| 2 | 10 | April 23, 1999 Vacancy Notice (PTC 0328) | | | | |
| 3 | | Job posting for position of Communications Center Duty Officer (response requested by May 7, 1999) (PTC 0269) | | | | |

| DEFENDANT | PLAINTIFF | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 4 | 11 | April 23, 1999 Letter from H. Williams to J. Gitto Davis; H. Williams' application for Communication Center Duty Officer (April 1999 posting) (w attached resume, references, job descriptions (Radio Operator I and II and Communications Center Duty Officer)(HW0016-26) | | | | |
| 5 | 15 | May 21, 1999 Memorandum from J. Gitto Davis to H. Williams (PTC 0335) | | | | |
| 6 | 12 | April 23, 1999 Promotion Application Log (PTC 0242-43) | | | | |
| 7 | 3 | Job Description for Duty Officer (PTC 0325-27) | | | | |
| 8 | | Job Description: Radio Operator II (PTC 0077) | | | | |
| 9 | | May 12, 1999 Memorandum from J. Gitto Davis to J. Martino (PTC 0272) | | | | |
| 10 | 13 | June 4, 1999 Recommended Personnel Actions (PTC 0244-46) | | | | |
| 11 | | Pennsylvania Human Relations Commission Retaliation Questionnaire (IN-14 Form) re: Williams' Charge/Docket No. E-94646-D(?) | | | | |

| DEFENDANT | PLAINTIFF | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 12 | 40 | February 3, 1999 Memorandum from H. Williams to K. Zawacki re: incident involving J. Curanzy and T. Edwards (HW 0001-3) | | | | |
| 13 | 41 | February 22, 1999 Memorandum from H. Williams to K. Zawacki re: Follow-up to February 3rd memo and incident involving J. Curanzy and T. Edwards (HW 0004-7) | | | | |
| 14 | 34 | November 28, 2000 Job Bid Form re: Williams' bid for Customer Service Representative position (PTC 0070) | | | | |
| 15 | | October 30, 2000 Memorandum from J. Gitto Davis to G. Richards re: list of eligible bidders three Customer Assistance Center Representative positions (PTC 0004) | | | | |
| 16 | | December 1, 2000 Memorandum from J. Morack to D. Jordan, F. Shaffer, and T. Scanlon re: trial periods awarded for Customer Assistance Center Representatives positions, including H. Williams (PTC 0056) | | | | |

| DEFENDANT | PLAINTIFF | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 17 | 39 | January 10, 2001 Memorandum from J. Morack to P. Hernjak re: H. Williams' decision to stay in the Customer Assistance Center following trial period (PTC 0060) | | | | |
| 18 | 43 | 4/10/99 Memorandum from G. Rausch to H. Williams re: Inappropriate language and need to comply with Policy #61 (PTC 0941) | | | | |
| 19 | 42 | 4/8/99 Memorandum from A. Rudy to H. Williams re: verbal warning for sleeping while on duty (TC 0945) | | | | |
| 20 | | April 2, 1996 Memorandum from H. Williams to J. DiRienzo re: Radio Operator 2 open position (PTC 1088) | | | | |
| 21 | | April 2, 1996 Memorandum from R. Frank to J. DiRienzo re: Williams only qualified bidder for Radio Operator 2 position (PTC 1089) | | | | |
| 22 | 2 | Booklet: Interviewing the Job Applicant Training (PTC 1145-57) | | | | |

| DEFENDANT | PLAINTIFF | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 23 | 31 | E-mail from J. McCool to Gentlemen and Angie re: responsibilities of duty officers and J. McCool's response to an incident (HW 0072) | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. WILLIAMS, JR., | : CIVIL CASE |
| Plaintiff, | : |
| v. | : NO. 1:CV 01-0877 |
| | : (Judge Rambo) |
| PENNSYLVANIA TURNPIKE COMMISSION, | : |
| Defendant. | : |

**DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S
PROPOSED JURY INTERROGATORIES**

1.  Do you find that Plaintiff has met his burden of proving by a preponderance of the evidence that he engaged in protected activity by complaining about the treatment of Terri Edwards, specifically with respect to her race (African American)?

    _____ Yes          _____ No

    If your answer is "No", your deliberations are complete.

    If your answer is "Yes", proceed to #2.

2.  Do you find that Plaintiff has met his burden of proving by a preponderance of the evidence that the Pennsylvania Turnpike Commission did not promote Plaintiff to the Duty Officer position in April 1999 because of his complaints about the treatment of his co-employee Terri Edwards?

    _____ Yes          _____ No

    If your answer is "No", your deliberations are complete.

    If your answer is "Yes", proceed to #3.

3.  If you answered "Yes" to #1 and #2, do you find that Plaintiff has proven by a preponderance of the evidence that he is entitled to compensation for the loss of wages and other benefits (back pay) which he would have received had he been promoted to the Duty Officer position in April, 1999?

   _____ Yes          _____ No

   If your answer is "Yes",

   (a) write in the amount of back pay, if any, that Plaintiff has proven by a preponderance of the evidence that he is entitled to as a result of the Pennsylvania Turnpike Commission's decision to not promote him to the Duty Officer position in April 1999:
   $_____;

(IF YOU DECIDE TO MAKE NO AWARD, PLEASE SO INDICATE BY WRITING "NONE" IN THE BLANK ABOVE.)

Your deliberations are complete.

When you have completed your deliberations, the Foreperson should sign this verdict form to indicate that the answers reflect the unanimous verdict of the Jury on each question and inform the Deputy Clerk that the Jury has reached a verdict.

_____
Jury Foreperson

2