ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. WILLIAMS, JR., | : | CIVIL CASE |
| Plaintiff, | : | |
| v. | : | NO. 1:CV 01-0877 |
| PENNSYLVANIA TURNPIKE COMMISSION | : | (Judge Rambo) |
| Defendant. | : | |

FILED
HARRISBURG, PA
MAR 21 2003
MARY E. D'ANDREA, CLK

## DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION'S PROPOSED POINTS FOR CHARGE

Pursuant to the provisions of Rule 51.1 of the Local Rules of the United States District Court for the Middle District of Pennsylvania, Defendant, the Pennsylvania Turnpike Commission ("Defendant"), respectfully requests that the Court instruct the jury at the conclusion of the case as set forth in the proposed Points for Charge that follow. Defendant reserves the right to modify, rescind, or supplement its proposed Points for Charge.

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

Harry E. Williams, Jr. ("Plaintiff") alleges that the Pennsylvania Turnpike Commission ("Defendant") retaliated against him for having opposed alleged discriminatory actions that Plaintiff believed Defendant took with respect to another employee.

Plaintiff has sued under a federal law enacted as Title VII to the Civil Rights Act of 1964, commonly referred to as "Title VII." Title VII prohibits an employer from retaliating against an employee because that employee opposed a discriminatory employment practice or assisted or participated in an investigation or proceeding involving a claim of employment discrimination. To succeed on his retaliation claim, Plaintiff must prove, by a preponderance of the evidence, that Defendant denied Plaintiff a promotion in April 1999 to the position of Duty Officer because he opposed what he believed were discriminatory employment practices of Defendant or because he assisted a co-worker who brought an employment discrimination complaint against Defendant.

Affirmed _____                    Denied_____

*Source:* 42 U.S.C. § 2000e-3; Barber v. CSX Distribution Services, 68 F.3d 694, 701 (3d Cir. 1995).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

In deciding whether Defendant retaliated against Plaintiff, you should first consider whether: (1) Plaintiff has established that he engaged in a protected activity; (2) Defendant took an adverse employment action against him after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse employment action.

In a case such as this, the burden is not on Defendant to prove that it did not retaliate against Plaintiff; rather, the burden at all times remains with Plaintiff to affirmatively prove by a preponderance of the evidence that he was intentionally retaliated against because he opposed a practice that violated the law.

Affirmed _____                              Denied_____

*Source:* Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000); Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997); Krouse v. American Sterilized Co., 126 F.3d 494, 500 (3d Cir. 1997); Barber v. CSX Distribution Services, 68 F.3d 694, 701 (3d Cir. 1995); Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989), cert. denied, 493 U.S. 1023 (1990) and cert. denied, 506 U.S. 903 (1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

In deciding whether Plaintiff has proved his case, you must first determine whether he has established that he engaged in a "protected activity." A person has engaged in a protected activity if he or she opposes a practice made unlawful by Title VII. Thus, a person has engaged in protected activity when he or she opposes discrimination based on a protected category, such as race. Conversely, a general complaint of unfair treatment would not be considered a protected activity.

Affirmed _____                    Denied_____

*Sources:* Barber v. CSX Distribution Services, 68 F.3d 694, 702 (3d Cir. 1995); Soskey v. Int'l Mill Service, Inc., No. 94-2833, 1996 WL 32139, at *10 (E.D. Pa., Jan. 25, 1996).

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

In order to prevail on his retaliation claim, Plaintiff must prove by a preponderance of the evidence that there was a causal link between a protected activity engaged in by Plaintiff, and some adverse action by Defendant. Plaintiff claims that he was not promoted in April 1999 to the position of Duty Officer due to his complaining about alleged treatment by Defendant of Terri Edwards.

To establish a causal link, Plaintiff must show that his complaint regarding Terri Edwards was a motivating factor in Defendant's decision not to promote him in April 1999. The mere occurrence of an adverse action after a plaintiff engages in a protected activity does not alone establish a causal link for purposes of a retaliation claim.

Affirmed _____                    Denied_____

*Source:* Clark County Sch. Dist. v. Breeden, 121 S.Ct. 1508, 1511 (2001); Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997); Willis v. Marion County Auditor's Office, 118 F.3d 542, 547 (7th Cir. 1997); Long v. Eastfield Coll., 88 F.3d 300, 307 (5th Cir. 1996); Hughes v. Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992); Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 321 (7th Cir. 1992); Bedford v. Southeastern Pennsylvania Transp. Auth., 867 F. Supp. 288 (E.D. Pa. 1994); Rivadeneira v. City of Phila., No. 90-4979, 1994 WL 594122, at *10 (E.D. Pa. Oct. 31, 1994); Nixon v. Runyon, 856 F. Supp. 977, 988 (E.D. Pa. 1994); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001).

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

Even if Plaintiff proves he engaged in a protected activity, the burden still remains on Plaintiff to prove to you by a preponderance of the evidence that his alleged opposition to discriminatory practices *actually motivated* the employer's decision not to promote him. That is, the plaintiff's opposition to alleged discriminatory practices must have actually had a determinative influence on the outcome of the promotion decision.

As the jury, the sole focus of your inquiry is whether Defendant's decision to not promote Plaintiff in April 1999 was unlawfully motivated by the fact that Plaintiff allegedly opposed the discriminatory practices. You might not agree that it was "fair" or "right" or "good" not to promote Plaintiff, but you may not enter a verdict against Defendant simply because you believed that its decisions were incorrect, unwise, short-sighted, or even unfair.

Affirmed _____                                  Denied_____

*Source:* Clark County Sch. Dist. v. Breeden, 121 S.Ct. 1508, 1511 (2001); Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997); Willis v. Marion County Auditor's Office, 118 F.3d 542, 547 (7th Cir. 1997); Long v. Eastfield Coll., 88 F.3d 300, 307 (5th Cir. 1996); Hughes v. Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992); Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 321 (7th Cir. 1992); Bedford v. Southeastern Pennsylvania Transp. Auth., 867 F. Supp. 288 (E.D. Pa. 1994); Rivadeneira v. City of Phila., No. 90-4979, 1994 WL 594122, at *10 (E.D. Pa. Oct. 31, 1994); Nixon v. Runyon, 856 F. Supp. 977, 988 (E.D. Pa. 1994); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001).

*Source:* Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); McDonnell Douglas Corp. v.Green, 411 U.S. 792 (1973); Walton v. Mental Health Assoc. of Southeastern Pa., No. CIV. A. 96-5682, 1997 WL 717053, at *8 (E.D.Pa. Nov. 17, 1997), aff'd, 168 F.3d 661 (3d Cir. 1999); see also Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

If Plaintiff establishes that: (1) he engaged in an activity protected under Title VII; (2) Defendant took an adverse employment action against him after or contemporaneous with the protected activity; and (3) and a causal link exists between the protected activity and the adverse action, Plaintiff still must prove that Defendant's stated reason for its decision not to promote him – his lack of required qualifications – was actually a "pretext" for discrimination, and that his opposition to practices that violated Title VII was actually a determinative factor in Defendant's decision not to promote him. To find that Defendant used a pretext is to find that the reason Defendant gave for its decision – Plaintiff's lack of necessary job qualifications – is not the real reason, but is given solely to hide or avoid disclosure that the true reason was to punish him for allegedly opposing practices that violate Title VII.

Although Defendant must offer a non-discriminatory reason for its decision to terminate Plaintiff, the burden of proving intentional discrimination remains with the Plaintiff at all times. Defendant, therefore, only has to explain its reasons for its decision regarding Plaintiff. It does <u>not</u> have to prove those reasons by a preponderance of the evidence.

In order to prevail, Plaintiff must prove that Defendant had a *retaliatory* purpose or motive in deciding not to promote him in April 1999.  It remains, at all times, Plaintiff's burden to prove that Defendant's stated reasons for its decision were a "pretext" for discrimination and that Plaintiff's opposition to alleged discriminatory practices was a determinative factor in Defendant's decision not to promote him.

Affirmed _____                          Denied_____

*Source:*  Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 141-43, 120 S. Ct. 2097, 2105-2106 (2000); St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2747-51 (1993); Watson v. Southeastern Pennsylvania Transportation Authority, 207 F.3d 207, 221 (3d Cir. 2000), cert. denied, 531 U.S. 1147 (2001); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir. 1992); ABA, Model Jury Instructions: Employment Litigation §102[3][b].

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

Defendant has presented evidence explaining the reasons why Plaintiff was not promoted to a Duty Officer position in April 1999. Evidence was introduced concerning Defendant's decision that Plaintiff lacked leadership skills, management and decision-making abilities, and computer knowledge. The Defendant does not have to convince you that its reasons for not promoting Plaintiff to the position of Duty Officer are true or good; it only needs to show that it honestly believed that Plaintiff was not qualified for the position for which Plaintiff applied in April 1999. If you believe that these were the reasons that Plaintiff was not promoted to a Duty Officer position, your verdict must be in favor of Defendant. If you disbelieve Defendant's explanation for its decisions not to promote Plaintiff, you may infer, but need not infer, that Defendant did not promote Plaintiff because of his opposition to alleged discriminatory practices. Ultimately, however, Plaintiff must prove by a preponderance of the evidence that Defendant's reasons for not promoting him are a pretext or a cover-up for retaliation based on his opposition to discriminatory practices. Otherwise, you must return a verdict for the Defendant.

Affirmed _____                    Denied_____

*Source:* Smith v. Borough of Wilkinsburg, 147 F.3d 272 (3d Cir. 1998); Flores v. Preferred Technical Group, 182 F.3d 512, 516 (7th Cir. 1999).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

As the jury, the sole focus of your inquiry is whether Defendant's decision not to promote Plaintiff in April 1999 was unlawfully motivated by his opposition to alleged discriminatory practices. You need not agree with the decision not to promote him, but you may not find against Defendant simply because you believe that its decision was incorrect, unwise, shortsighted, or even unfair. Even if you disagree with Defendant's assertion that Plaintiff lacked leadership skills, management and decision-making abilities, and computer knowledge, this alone does not constitute unlawful retaliation.

Defendant had the right not to promote Plaintiff for any reason or no reason, so long as an unlawful reason, such as his opposing alleged discrimination, was not the real reason for the decision not to promote him.

The law does not require Defendant to give preferential treatment to Plaintiff because he may have opposed discriminatory employment practices. However, employers have the discretion not to promote an employee provided the decision is not intentionally based upon protected activity.

Defendant is entitled to make its own subjective judgments, however misguided they may appear to you as a jury, as long as the reason for Defendant's judgment is not intentionally based on Defendant's belief that Plaintiff opposed discriminatory employment practices.

It is Defendant's responsibility to assess the qualifications and performance of its employees, and it is Defendant's judgment of Plaintiff's qualifications and performance that should be most important in your deliberations. Plaintiff's opinion about, or perception of, his own qualifications or performance, and that of the candidates offered the Duty Officer position, is not relevant, no matter how sincerely held or forcefully presented. If you conclude that the decision makers honestly believed the facts upon which they based the decision not to promote Plaintiff, you must return a verdict in favor of Defendant.

Unless you find that opposition to alleged discriminatory practices actually played a role and was a determinative factor in Defendant's decision not to promote Plaintiff in April 1999 and that individual decision-makers were motivated in their decisions by intentional discrimination, your verdict should be for the Defendant.

Affirmed _____                    Denied_____

*Source:* Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Pamintuan v. Nanticoke Memorial Hosp., 192 F.3d 378, 387-88 (3d Cir. 1999); Simpson v. Kay Jewelers, 142 F.3d 639, 647 (3d Cir. 1998); Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1109 (3d Cir. 1997) (en banc); Duvall v. Polymer Corp., No. Civ. A. 93-3801, 1995 WL 581910, at *9 (E.D. Pa. Oct. 2, 1995).

# **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

Now that I have instructed you on the law applicable to Plaintiff's claims, I will instruct you on the law applicable to the awarding of damages if you find that Plaintiff has proven his claim.

I caution you, however, that the fact that I am giving you these instructions on damages does not mean that you must or should find that the Plaintiff has proven any of his claims or that I have any personal view on whether or not he has done so. To the contrary, I am giving you these instructions for your guidance in awarding damages if, and only if, you first find that Plaintiff has proven a particular claim.

If you find that Plaintiff has met his burden of proving that Defendant retaliated against him for having opposed discriminatory practices, then you must determine the amount of damages necessary to compensate him for this injury; that is, to make him whole for whatever he has lost as a result of that conduct. Conversely, you may not award damages in excess of Plaintiffs' actual losses.

If you find that Plaintiff has proven by a preponderance of the evidence that Defendant retaliated against him under the standards I outlined earlier, then you should award him such money damages as you reasonably believe will compensate him for back pay, if any, which you find that he has suffered as a result of Defendant's conduct.

In connection with his retaliation claim, Plaintiff seeks as damages an award of back pay, that is, the additional lost wages and benefits he would have earned until the date of trial had he been promoted in June 1999.  The purpose of awarding back pay damages is strictly to compensate a party for actual losses, and not to punish a defendant or provide a windfall to a plaintiff.  Any award of back pay must take into account the wages Plaintiff earned during this period from his employment as a Customer Assistance Center Representative at Defendant.

Affirmed _____     Denied_____


*Source:*  Edward J. Devitt, et al., Federal Jury Practice and Instructions (Civil) §§ 74.02, 85.14, 106.08 (4th ed. 1987); Berndt v. Kaiser Aluminum & Chemical Sales, Inc., 604 F. Supp. 962, 964 (E.D. Pa. 1985); Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269 (4th Cir. 1985); Edward J. Devitt, et al., Federal Jury Practice and Instructions (Civil) §106.08 (4th ed. 1987).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

In connection with his retaliation claim under Title VII, Plaintiff is seeking an award of compensatory damages for such things as emotional distress and pain and suffering. Even if you find for Plaintiff, you cannot assume that he is entitled to compensatory damages. You may not award such damages unless you find that Plaintiff has proven by a preponderance of the evidence that he suffered actual injury and also that this injury was caused by Defendant's alleged retaliatory actions. Your award, if any, must be limited to those sums necessary to compensate a plaintiff for actual harm. Possible mental and emotional injuries are not enough.

In addition, you may consider whether Plaintiff suffered mental and emotional injuries as a result of other factors, such as personal, emotional or physical problems not caused by Defendant's alleged intentionally retaliatory actions. If you find that the Plaintiff has suffered mental and emotional injuries as a result of factors other than Defendant's actions or decisions, then you must not award him any compensatory damages, or you must reduce any compensatory damages by an appropriate amount.

Affirmed _____          Denied_____

Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1121-22 (3d Cir. 1988), cert. denied, 492 U.S. 905 (1989), appeal after remand, 983 F.2d 1573 (11th Cir. 1993), cert. denied, 513 U.S. 1155 (1995); Vance v. Southern Bell Tel. & Tel. Co., 863 F.2d 1503, 1516 (11th Cir. 1989); Cowan v. Prudential Ins. Co., 852 F.2d 688, 690-91 (2d Cir. 1988); ABA, Model Jury Instructions § 1.07 [3] (1994) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

You are instructed that, if Plaintiff prevails on any of his claims, he may be entitled to an award of attorneys' fees and costs over and above what you award as damages. It is the Court's duty to decide the award of attorney's fees and costs, and this should play no part in your calculation of any damages.


Affirmed _____                    Denied_____



Respectfully submitted,

_____
MARVIN L. WEINBERG, ESQUIRE
JOHN C. ROMEO, ESQUIRE
FOX, ROTHSCHILD, O'BRIEN
 & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103-3291
(215) 299-2706
Attorneys for Defendant,
Pennsylvania Turnpike Commission


Dated: March 21, 2003

## **CERTIFICATE OF SERVICE**

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Proposed Points for Charge were served this date on Plaintiff's counsel via facsimile and first class mail, addressed as follows:

>Andrew J. Ostrowski, Esquire
>4311 North Sixth Street
>Harrisburg, PA 17110
>
>*Counsel for Plaintiff*

JOHN C. ROMEO

Dated: March 21, 2003