ORIGINAL



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. WILLIAMS JR., | : CIVIL ACTION NO.: 1:CV-01-0877 |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| PENNSYLVANIA TURNPIKE | : |
| COMMISSION, | : |
| Defendants | : |

### PLAINTIFFS' PRETRIAL MEMORANDUM

The pretrial conference of Counsel was held on March 18, 2003.

A.  STATEMENT FEDERAL JURISDICTION

Jurisdiction is based upon 28 U.S.C. §1331 and §1343 for this action brought under 42 U.S.C. §2000e *et seq.*.

1

B.  **SUMMARY OF FACTS AND CONTENTIONS AS TO LIABILITY**

In 1999, Plaintiff was employed as a Radio Operator II in the Communications Center in the Department of Safety and Operations. The Director of Safety and Operations was Joseph McCool. McCool was responsible for announcing and filling three vacancies in the position of Communications Center Duty Officer in June and July of 1999. McCool was ultimately responsible for the Duty Officer selections because the position was open in his area of responsibility, and documents show his involvement in every aspect of the process.

The four Communications Center Duty Officers reported directly to the Operations Center Manager who reported directly to the Director. In April of 1999, Joseph Sullivan was the Operations Center Manager and reported directly to McCool. Until in or about February of 1999, Ron Frank had held the position of Operations Center Manager, but was demoted to Duty Officer while Sullivan was promoted from Duty Officer to Operations Center Manager. As Operations Center Manager, Frank was responsible for hiring Plaintiff for the position of Radio Operator II, and would have recommended Plaintiff for the position of Duty Officer if he were involved in the selection decisions at issue.

In April, 1999, McCool announced three vacancies in the position of Communications Center Duty Officer, and Plaintiff submitted his application and

resume for consideration. Plaintiff was one of eight (8) out of twenty (20) applicants who qualified for the position and was interviewed, and Plaintiff was the most senior qualified applicant. In May, 1999, an interview panel began the process of selecting candidates to fill the three vacancies. On June 4, 1999 the panel recommended only two names for the three positions, and each of those candidates was placed in a Duty Officer Position. The third vacancy was not filled at that time, but was filled by McCool after July, 1999. Plaintiff also applied for the July, 1999 vacancy, but was not even considered.

During 1998 and 1999, Plaintiff supported one of the Radio Operator Ones who worked on his shift, Terri Edwards, in the pursuit of complaints of discrimination she had lodged against the Turnpike Commission arising out of her employment. Edwards was terminated from the Commission in May, 1999. See *Edwards v. Pennsylvania Turnpike Commission*, Middle District No. 1:CV-01-0357. McCool's selection decision for the Duty Officer positions occurred between April and June, 1999.

Although McCool was primarily responsible for the selection decision for the Communications Center Duty Officer positions, his designee, Operations Center Manager Joseph Sullivan, served on the Interview Panel for the June 1999 selection process, and Sullivan signed off on the recommendations to fill only two

positions at the time. Shortly after Ron Frank had been demoted to Duty Officer and Sulivan made Operations Center Manager, which was around the same time the April, 1999 selection process was beginning, both McCool and Sullivan had conversations with Frank wherein they advised Frank to warn Plaintiff that his future with the Turnpike Commission would be in jeopardy if he continued to assist Edwards in her claims against the Commission. Specifically, McCool told Frank to talk to Plaintiff to tell him that he was jeopardizing his chance to become a Duty Officer by continuing to "support the fucking nigger." These conversations happened in or around February through April 1999, the Duty Officer position was posted in April 1999, Edwards was terminated in May 1999, and Plaintiff was passed over for one of three Open Duty Officer positions in June 1999 and one of those positions remained unfilled until McCool filled it in September.

C.     **STATEMENT OF UNDISPUTED FACTS**

    See Defendant's Pretrial Memorandum.

D.   **DAMAGES**

Plaintiff requests equitable relief in the nature of his appointment to the duty officer position, together with all back pay and benefits or, in lieu thereof, an appropriate front pay award in addition to back pay as if appointed to the duty officer position. Plaintiff is also entitled to general compensatory damages for his physical and emotional pain and anguish. Plaintiff will also be entitled to an award of attorney's fees and costs.

The legality of a sentence on appeal must be considered pursuant to 18 U.S.C. §3742 if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range. While the Court of Appeals gives due deference to the district court's application of the sentencing guidelines to the underlying facts, the Court exercises plenary review over legal questions concerning the proper interpretation of the guidelines. United States v. Taylor, 98 F.3d 768 (3d Cir.) cert. denied, 519 U.S. 1141, 117 S.Ct. 1016 (1996).

E.   **WITNESSES**

Plaintiff
c/o Counsel

Marsha Evans
Defendant's Counsel to provide last known address

Michael Kennedy
Defendant's Counsel to provide last known address

Darwin Kell
Defendant's Counsel to provide last known address

Todd Leiss
Defendant's Counsel to provide last known address

Daniel Bretzman
Defendant's Counsel to provide last known address

Joanne Gitto-Davis
c/o Defendant

William Capone
c/o Defendant

Joseph Rispoli
c/o Defendant

Greg Rausch
c/o Defendant

Fred Jumper
c/o Defendant

Dale Wickard
c/o Defendant

Angela Rudy
c/o Defendant

Joseph McCool
27 Lukens street
Trevost, PA

Ronald Frank
510 Porsha Terrace
Camp Hill, PA

John Stewart
c/o Defendant

Joe Ferguson
c/o Defendant

### F.    EXPERT TESTIMONY

None.

### G.    DISCOVERY AND PLEADINGS ISSUES

None.

### H.    LEGAL ISSUES AND AUTHORITIES

Plaintiff intends to prove a causal connection between his protected conduct in supporting the claims of discrimination made by and his non-selection for promotion to the duty officer position through direct evidence of retaliatory animus, and circumstantial proof of a retaliatory motive in close temporal proximity to the adverse employment action. *See Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (proof of causal connection when "the

proffered evidence, looked at as a whole, may suffice to raise the inference [of retaliation]." *See also Farrell v. Planters Lifesavers Co.*, 206 F.3d 271 (3d Cir. 2000). This jury must simply determine whether "retaliatory animus played a role in the employer's decision-making process and that it had a determinative effect on the outcome of that process." Krouse v. American Sterilizer Co., 126 F.3d 494, 501 (3d Cir. 1997).

When the issue becomes the pretextual nature of the employer's discriminatory purpose, the finder of fact must be able to reasonably infer a discriminatory purpose through Plaintiff discrediting the employer's explanation or by otherwise showing that discrimination, more likely than not, had a determinative impact on the outcome. *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150-51, 120 S. Ct. 2097, 2110 (2000). After the employer has articulated a legitimate nondiscriminatory reason for its action, the employee may present appropriate direct or circumstantial evidence from which a finder of fact could reasonably disbelieve the employer's articulated reasons or believe that a discriminatory reason was more likely than not a motivating or determinative cause. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

The character and quality of the evidence for which the plaintiff can show pretext varies under circumstances of the case. Am employee may not need to

point to evidence other than that which establishes the prima facie case in order to prevail. *Simpson v. Kay Jewelers, Inc.*, 142 F.3d 639, 644 (3d Cir. 1998). Of course, an employee may also point to weaknesses, implausibilities, inconsistencies, incoherency's, or contradictions in the employer's proper legitimate reasons to create a reasonable inference of discrimination. *Fuentes*, 32 F.3d at 764. Courts have also considered noncompliance with internal policies, statements by supervisory-level employees, past treatment of the plaintiff and others, and the past opportunities provided to a complaining plaintiff relevant in pretext cases. *See e.g., Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d Cir. 1991) (en benc) (adherence to employer rules); *Wilson v. Susquehanna Township Police Dept.*, 55 F.3d 126 (3d Cir. 1995) (discriminatory statement of decisionmaker's supervisor); Fuentes, 32 F.3d 759 (past discrimination and less favorable treatment); and *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 98 F.3d 309 (3d Cir. 1993) (opportunities given employee).

I. **STIPULATIONS DESIRED**

    Authenticity and admissibility of Exhibits.

**J.   ESTIMATED LENGTH OF TRIAL**

   4- 5 days

**K.   OTHER MATTERS PERTINENT TO THIS CASE**

   Defendant is expected to file Motions in Limine.

**L.   LIST OF EXHIBITS**

   Attached.

Respectfully submitted,

**BAILEY STRETTON & OSTROWSKI**

By: _/s/ Andrew J. Ostrowski_
Andrew J. Ostrowski
PA I.D. No.: 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

# EXHIBIT LIST

JUDGE _____   CASE NUMBER _____

Plaintiff _____   Defendant _____

| # | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|
| 1 | PTC Policy & Procedure for Hiring Employees April 12, 1998 | | | | |
| 2 | PTC - Interviewing the Job Applicant | | | | |
| 3 | PTC Duty Officer Job Description April 1999 | | | | |
| 4 | PTC Radio Operator I Job Description June 1999 | | | | |
| 5 | PTC Radio Operator II Job Description June 1999 | | | | |
| 6 | PTC Vacancy Notice (Duty Officer Position) 12/1/99 - 12/15/99 | | | | |
| 7 | McCool Memo dated April 20, 1999 - Outside Advertisement | | | | |
| 8 | Gino Davis April 17, 1999 Commission Action | | | | |
| 9 | Gino Davis Memo May 5, 1999 Commission Action | | | | |
| 10 | PTC Vacancy Notice 4/23/1999, Duty Officer Amended 5 Positions | | | | |
| 11 | Williams' Application Letter 4/23/99 | | | | |
| 12 | Promotion Application Log 4/12/99 - 5/1/99 | | | | |
| 13 | PTC Recommended Personnel Actions 6/4/99 | | | | |

3

# EXHIBIT LIST

**JUDGE** _____  **CASE NUMBER** _____

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| 14 | | PTC Recommendation Memorandum | | | | |
| 15 | | Gino Davis Memo 6/15/99 | | | | |
| 16 | | Resume receipt Acknowledgment Gino Davis Memo 6/18/99 | | | | |
| 17 | | Job run down | | | | |
| 18 | | Duty Officer Interview Questions (Williams) | | | | |
| 19 | | Fred Jumper Application letter/resume 4/26/99 | | | | |
| 20 | | Dale Wickard II School App. letter + resume 5/4/99 | | | | |
| 21 | | Duty Officer Interview Questions (Wickard) | | | | |
| 22 | | Vacancy Notice Duty Officer 4/2/99 | | | | |
| 23 | | Gino Davis Memo 7/21/99 Commission Action | | | | |
| 24 | | Vacancy Notice Duty Officer 8A/1999 (Application Letters, etc) | | | | |
| 25 | | Gino Davis Memo 11/3/99 Comm Action, Dietz letter 11/25/99, 11/29/99 Wickard letter + memo | | | | |
| 26 | | Jan 2000 - Duty Officer Candidates Application/Resume Aug 4, 1998 (Williams) | | | | |

# EXHIBIT LIST

JUDGE _____  CASE NUMBER _____

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| 27 | | Job bid Resume 4/24/1999 (Williams) | | | | |
| 28 | | Gita Davis email to Brentz 2/22/2000 | | | | |
| 29 | | McCool vote/vacancy notice DM Officer June 1999 | | | | |
| 30 | | Draft of Job Description Coordinator of Contract Services | | | | |
| 31 | | McCool emails | | | | |
| 32 | | Burger email 7/20/1999 | | | | |
| 33 | | Jan 2000 DM officer description + memo's | | | | |
| 34 | | Job bid DM Officer 11/28/00 Williams | | | | |
| 35 | | Application letter/resume 12/10/00 Williams | | | | |
| 36 | | Jan 01 Application Log | | | | |
| 37 | | Recommended candidates Typing test Leiss, Williams, Peck | | | | |
| 38 | | Jan 5 01 - resume acknowledgement 2/6/01 Reference letter | | | | |
| 39 | | Horack email 1/9/01 | | | | |

3

# EXHIBIT LIST

JUDGE _____    Plaintiff _____    Defendant _____    CASE NUMBER _____

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| 40 | | Williams 2/3/99 memo re: Terryl Edwards | | | | |
| 41 | | Williams's 2/22/99 memo re Terryl Edwards | | | | |
| 42 | | Verbal/Written warning 4/2/99 to Williams | | | | |
| 43 | | Inter office memo to Williams 4/10/99 inapprop. language | | | | |
| 44 | | Verbal + physical confrontation descrip by Williams 8/4/99 | | | | |
| 45 | | Williams written warning 8/11/00 | | | | |
| 46 | | Congradulations/job well done letter (membership) | | | | |
| 47 | | Instruc for starting, creating, modifying + blanking a display | | | | |
| 48 | | Williams' diplomas + certificates | | | | |
| 49 | | Correspondence from Williams to various troubles etc | | | | |
| 50 | | CAC Communications Summary 2001 | | | | |

3

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy of the foregoing document upon the following counsel of record by depositing the same in the U.S. Mail, postage prepaid, addressed as follows:

John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-2706

By_____
Andrew J. Ostrowski, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

Dated: March 24, 2003