IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. WILLIAMS, JR., | : | CIVIL CASE |
| Plaintiff, | : | |
| v. | : | NO. 1:CV 01-0877 |
| PENNSYLVANIA TURNPIKE COMMISSION | : | (Judge Rambo) |
| Defendant. | : | |

FILED
HARRISBURG
MAR 2 6 2003
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION <u>IN LIMINE</u> TO PRECLUDE HEARSAY TESTIMONY OF DALE WICKARD'S <u>ALLEGED WORK MISCONDUCT</u>**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Harry E. Williams, Jr. ("Plaintiff") filed a Complaint on May 18, 2001, alleging that Defendant, the Pennsylvania Turnpike Commission (the "Commission" or "Defendant") retaliated against him for supporting a discrimination claim of a co-worker, Terri Edwards.

Plaintiff now seeks to admit hearsay testimony regarding alleged misconduct of Dale Wickard, one of the two Commission employees who received a promotion to Duty Officer in or about April 1999, when Defendant did not promote Plaintiff.

During his deposition, Plaintiff testified that he was aware that the two Commission employees who received the promotion to Duty Officer in or about April 1999 are Dale Wickard and Fred Jumper. (See Plaintiff Dep. Tr. at 41)[1]. When asked if he had a "problem" with either of the two men, Plaintiff replied that he has a problem with Mr. Wickard. (See Dep. Tr. at 41-42). More specifically, he stated that he had a problem with Mr. Wickard because he would use Commission time to shoot a bow and arrow on Commission property. (See Dep. Tr. at 42). With respect to the bow and arrow incident, Plaintiff testified that "Irene Sheetz (who works in Fare Audit) told him about the incident." (See Dep. Tr. at 44). When asked if management was aware of the incident he acknowledged that "they were not aware of it until, <u>again hearsay</u>, until somebody made a phone call down to Radio and told them to put a stop to it." (See Dep. Tr. at 44-45) (underline added).

He further stated that during lunch one day, a "lady performed oral sex" on Mr. Wickard. (See Dep. Tr. at 42). When asked how he knew about the oral sex incident, Plaintiff claimed that he "was told by other people" who had seen it. (See Dep. Tr. at 44). Both of these alleged incidents occurred "years ago". (See Dep. Tr. at 43 and 44).

---

[1] All excerpts from Plaintiff's deposition that are referenced herein are attached hereto as Exhibit "A".

2

Testimony regarding statements allegedly made to Plaintiff by his co-workers regarding Mr. Wickard should be barred under Federal Rule of Evidence ("FRE") 802 as hearsay to which no exception applies. Moreover, the comments are irrelevant to this action, because it is immaterial if Mr. Wickard actually shot a bow and arrow or had oral sex performed on him to whether or not Plaintiff was qualified for the Duty Officer position in April 1999. Accordingly, the statements also should be excluded from evidence under FRE 402.

## II.  ARGUMENT

### A.  Testimony of Statements by Co-Workers Regarding Mr. Wickard's Alleged Work Misconduct Should Be Excluded from Evidence as Inadmissible Hearsay under FRE 802.

"Hearsay" is defined in FRE 801 as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801. Hearsay is not admissible except as provided by the Federal Rules of Evidence or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. FRE 802.

Here, the statements regarding Mr. Wickard's alleged work misconduct were made by persons other than Plaintiff. Further, Plaintiff's deposition testimony reveals that he seeks to offer evidence regarding Mr. Wickard's alleged work misconduct from years ago to prove the truth of the matter asserted—that is, that Mr. Wickard did in fact receive oral sex from a woman during lunch and shot a

bow and arrow on Commission property to demonstrate that Mr. Wickard was somehow less qualified than Plaintiff for the position of Duty Officer. (See Dep. Tr. at 41-44).

Because the statements regarding Mr. Wickard were made by non-managerial or non-supervisory Commission employees, and Plaintiff will offer the statements to prove the truth of the matter asserted, Plaintiff's and other witnesses' proposed testimony regarding statements allegedly made regarding alleged work misconduct by Mr. Wickard must be excluded as hearsay.

    **B.**    **Testimony of Statements Regarding Mr. Wickard's Alleged Work Misconduct Is Irrelevant to this Action under FRE 402 and Unfairly Prejudicial Under FRE 403.**

"Relevant evidence" is defined in the Federal Rules of Evidence ("FRE") as evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. Under FRE 402, evidence which is not relevant is not admissible.

Whether Mr. Wickard actually shot a bow and arrow or had oral sex performed on him years ago is irrelevant to Plaintiff's Title VII case. Under the burden-shifting framework, a Title VII plaintiff must first prove by a preponderance of the evidence that a prima facie case of discrimination exists. Second, the burden shifts to the defendant to articulate some legitimate,

nondiscriminatory reason for the employee's rejection. Third, if defendant meets its burden, plaintiff must be given the opportunity to prove by a preponderance of the evidence that the legitimate reasons proffered by defendant were not its true reasons, but rather, a pretext for discrimination. See Josey v. Hollingsworth Corp., 996 F.2d 632, 637-38 (3d Cir. 1993). Although the burden of production shifts, the ultimate burden of persuasion remains with the plaintiff at all times. See Barber v. CSX Distribution Services, 68 F.3d 694, 698 (3d Cir. 1995).

To meet his burden of establishing a prima facie case of discrimination for purposes of his retaliation claim, Williams must demonstrate that: "(1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action." See Gharzouzi v. Northwestern Human Services of Pennsylvania, 225 F. Supp.2d 514, 539 (E.D. Pa. 2002) (citing Charlton v. Paramus Bd. of Educ., 25 F.2d 194, 201 (3d Cir. 1994)).

The establishment of a prima facie case of retaliation creates a legally mandatory rebuttable presumption. See Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 254, n.7 (1981). The presumption of retaliation that arises shifts the burden of production to the employer to rebut the prima facie case by producing "clear and reasonably specific" evidence that its actions were taken for legitimate, non-retaliatory reasons. Id. at 258. Placing the burden of production on the

employer serves to rebut the plaintiff's prima facie case and to "frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." Id. at 255-56.

Once the employer meets its burden, the burden of production shifts back to the plaintiff who then has "the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253. If the plaintiff produces sufficient evidence of pretext, he need not produce additional evidence of discrimination beyond his prima facie case for the case to proceed to trial. See Sempier v. Johnson & Higgins, 45 F.3d 724, 731 (3d Cir. 1995). For purposes of showing pretext, it is not necessary for the plaintiff to demonstrate that the illegitimate factor was the sole reason for the termination, but that it was "a determinative factor." See Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993). In order to discredit the employer's proffered reason, a plaintiff cannot simply show that his employer was wrong or mistaken because the factual dispute is not whether the employer's decision was wise or competent, but is whether discriminatory animus motivated the employer. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). Instead, the record is examined for evidence of inconsistencies or anomalies that could support an inference that the employer did not act for its stated reasons. See Sempier, 45 F.3d at 731.

Here, Plaintiff will likely seek to offer testimony regarding Mr. Wickard's past work history to demonstrate pretext. More specifically, Plaintiff will seek to offer testimony regarding Mr. Wickard's alleged work misconduct to demonstrate that the Commission's decision not to promote him, and to promote Mr. Wickard was not wise. However, under the burden-shifting analysis to prove damages in a Title VII retaliation case, demonstrating that the employer was not wise or prudent is not relevant to the case.

Because Plaintiff seeks to introduce testimony at trial regarding alleged conduct by Mr. Wickard to demonstrate that the Commission was not wise or prudent in its decision not to promote him, this evidence should be excluded as irrelevant to the case pursuant to FRE 402. Further, since the only purpose of proffering this evidence at trial would be to appeal to the sympathies of the jury, the probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. For those reasons, the testimony should be barred under FRE 403.

## III. CONCLUSION

For all the foregoing reasons, Defendant's Motion in Limine must be granted, and Plaintiff must be barred from introducing any evidence of, relying

upon, or offering any hearsay testimony concerning Mr. Wickard's alleged work misconduct.

                                                  Respectfully submitted,

                                                  _____
                                                  MARVIN L. WEINBERG, ESQUIRE
                                                  JOHN C. ROMEO, ESQUIRE
                                                  FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
                                                  2000 Market Street, Tenth Floor
                                                  Philadelphia, PA 19103-3291
                                                  (215) 299-2706
                                                  Attorneys for Defendant,
                                                  Pennsylvania Turnpike Commission

Dated: March 25, 2003

## CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Motion <u>In</u> <u>Limine</u> to Preclude Heasay Tetminoy or Evidence Regarding Dale Wickard's Alleged Work Misconduct was served this date on Plaintiff's counsel via overnight Federal Express, addressed as follows:

>Andrew J. Ostrowski, Esquire
>4311 North Sixth Street
>Harrisburg, PA  17110
>
>*Counsel for Plaintiff*

_____
JOHN C. ROMEO

Dated: March 25, 2003