IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. WILLIAMS, JR., | : | CIVIL CASE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:CV 01-0877 |
| | : | |
| PENNSYLVANIA TURNPIKE | : | (Judge Rambo) |
| COMMISSION | : | |
| | : | |
| Defendant. | | |

FILED
HARRISBURG
MAR 2 6 2003
M D'ANDREA, CLER
P DEPUTY CLERK

**DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S,
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION <u>IN LIMINE</u> TO
PRECLUDE EVIDENCE REGARDING THE
JULY 1999 AND NOVEMBER 2000 DUTY OFFICER JOB POSTINGS**

**I.   INTRODUCTION**

Harry E. Williams, Jr. ("Plaintiff") seeks to offer testimony regarding postings for the Duty Officer position in July 1999 and November 2000 and the Pennsylvania Turnpike Commission's (the "Commission" or "Defendant") failure to promote him in July 1999 and November 2000. Plaintiff seeks to offer this testimony to demonstrate that there was a pattern of retaliatory treatment by Defendant. This proffered testimony should be barred under Federal Rule of Evidence ("FRE") 401 because such evidence is irrelevant to this case. Even assuming, <u>arguendo</u>, that the testimony is relevant (which Defendant denies), the testimony should be barred by FRE 403 because the probative value of such evidence is substantially outweighed by

the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time.

## II. ARGUMENT

### A. Testimony Regarding the July 1999 and November 2000 Postings is Irrelevant to the Issues In the Trial and, Accordingly, Must Be Excluded From Evidence.

"Relevant evidence" is defined as evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See FRE 401. Testimony regarding the July 1999 and November 2000 postings and Defendant's decision not to promote Plaintiff when he allegedly applied for those positions is irrelevant to the issues in this trial.

The Court granted Defendant's Motion for Summary Judgment as to the July 1999 posting and Defendant's failure to promote Plaintiff in July 1999. See Court's January 22, 2003 Order. The Court found that Plaintiff simply had not presented any evidence indicating that Defendant was motivated by any retaliatory animus when it did not promote him in July 1999. Id. at 13-14. Plaintiff failed to present this evidence, because, according to the Court, Defendant did not have any record of his application for the promotion, and Plaintiff failed to explain why he did not inform the Human Resources Department that he never received an acknowledgement of his application. Id. at 13. For these reasons, the Court held that Defendant's failure to

2

promote Plaintiff in July 1999 had nothing to do with Plaintiff's support of Terri Edwards in filing a discrimination claim against Defendant. Id.

The Court also granted Defendant's Motion for Summary Judgment as it pertained to the November 2000 posting and Defendant's failure to promote Plaintiff to Duty Officer at that time. The Court noted that Plaintiff had the lowest score on the typing test administered to the three (3) applicants and rejected Plaintiff's argument that the low score on the typing test was a pretext for unlawful retaliation. Id. at 14-16.

The Court's dismissal of the July 1999 and November 2000 postings and Defendant's failure to promote Plaintiff on those occasions left Plaintiff with only one (1) instance of Defendant's failure to promote as possible evidence of unlawful retaliation in violation of Title VII – the April 1999 posting and lack of promotion. Therefore, the trial in this case concerns only the lack of a promotion resulting from the April 1999 posting.

Testimony regarding the July 1999 and November 2000 postings and how these postings demonstrate a pattern of retaliatory motive would contradict the Court's holding in this case. The Court found that Defendant's decision not to promote Plaintiff at the times of the July 1999 and November 2000 postings had nothing to do with any support by Plaintiff of a co-worker's discrimination claim. Therefore,

3

testimony regarding these postings is irrelevant to whether Defendant failed to promote Plaintiff in April 1999 for retaliatory reasons.

 B. **Testimony Regarding the July 1999 and November 2000 Postings Should Be Excluded Under FRE 403.**

Even assuming, arguendo, that evidence pertaining to the July 1999 and November 2000 postings and Defendant's decision not to promote Plaintiff in July 1999 and November 2000 is somehow relevant to the issues in this trial (which Defendant strongly denies), such evidence should nevertheless be excluded under FRE 403 because the probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time.[1] Evidence is unfairly prejudicial if it "appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980), citing, 1 J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 403[03], at 403-15 to 403-17 (1978).

Plaintiff's proposed testimony regarding the July 1999 and November 2000 postings is clearly designed to appeal to the sympathy of the jury in this case, and the

---

[1] FRE 403 states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

4

unfair prejudice that will result from such testimony is not outweighed by any probative value of the testimony. Defendant anticipates that Plaintiff will attempt to present this evidence to elicit sympathy for the sheer number of times that he will allege he applied for the promotion to the Duty Officer position and did not receive it. As stated above, whether he was denied promotions in July 1999 and November 2000 is irrelevant to whether he was denied a promotion in April 1999 for retaliatory purposes, and, therefore, evidence regarding these issues is not at all probative and is easily outweighed by the unfair prejudice that will result from its admission.

Accordingly, under FRE 403, Plaintiff should be barred from using or offering any testimony regarding the July 1999 and November 2000 postings and Defendant's decision not to promote Plaintiff to the Duty Officer position at those times.

## III. CONCLUSION

For all the foregoing reasons, Defendants' Motion in Limine must be granted, and Plaintiff must be barred from introducing any evidence of, relying upon, or

offering any testimony concerning the July 1999 and November 2000 postings and Defendant's decision not to promote him as a result of those postings.

                Respectfully submitted,

                _____
                MARVIN L. WEINBERG, ESQUIRE
                JOHN C. ROMEO, ESQUIRE
                FOX, ROTHSCHILD, O'BRIEN &
                FRANKEL, LLP
                2000 Market Street, Tenth Floor
                Philadelphia, PA  19103-3291
                (215) 299-2706
                Attorneys for Defendant,
                Pennsylvania Turnpike Commission

Dated: March 25, 2003

## CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Motion In Limine to Preclude Evidence Regarding the July 1999 and November 2000 Duty Officer Job Postings was served this date on Plaintiff's counsel via overnight Federal Express, addressed as follows:

> Andrew J. Ostrowski, Esquire
> 4311 North Sixth Street
> Harrisburg, PA  17110
>
> *Counsel for Plaintiff*

JOHN C. ROMEO

Dated: March 25, 2003