IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. WILLIAMS, JR., | : | CIVIL CASE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:CV 01-0877 |
| | : | |
| PENNSYLVANIA TURNPIKE COMMISSION | : | (Judge Rambo) |
| | : | |
| Defendant. | | |

**DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S,
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF PLAINTIFF'S
ALLEGED PAIN AND SUFFERING IN SUPPORT OF
HIS UNPLED COMPENSATORY DAMAGES CLAIM**

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

Harry E. Williams, Jr. ("Plaintiff") filed a pro se Complaint on May 18, 2001, alleging that Defendant, the Pennsylvania Turnpike Commission (the "Commission" or "Defendant") retaliated against him for supporting a discrimination claim of a co-worker, Terri Edwards. See Complaint, attached hereto as Exhibit "A". In his prayer for relief, Plaintiff specifically requests that by way of damages Defendant only be required to (1) pay him the difference in salary between the Duty Officer position and his own from 1999 to the present; and (2)

issue a written and public apology. See Exhibit A. There is no claim for compensatory pain and suffering damages.

Plaintiff filed his Complaint on May 18, 2001. Now, almost two (2) years later (having never requested leave from the Court to amend his Complaint) Plaintiff apparently intends to offer evidence at trial of his alleged pain and suffering experienced as a result of Defendant's failure to promote him in April 1999. Plaintiff has never alleged a compensatory damages claim in any pleading in this case and should not be permitted to add such a claim now.

This proffered testimony should be barred as irrelevant under Federal Rule of Evidence ("FRE") 401 because it has no probative value since Plaintiff never amended his Complaint to seek compensatory damages. Even assuming, arguendo, that the testimony is relevant (which Defendant denies), the testimony should be barred by FRE 403 because the probative value of such evidence, if any, is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time.

Plaintiff may attempt to argue that he filed his Complaint pro se, and that therefore, the Court should provide him with leniency as to the substance of his pleadings. This argument fails, however, because Plaintiff retained counsel shortly after filing his Complaint. In their Joint Case Management Plan, which was agreed to by both parties and signed by attorneys for both parties on January 25, 2002,

Plaintiff agreed that he "reserves the right to amend his pleadings as permitted by law." See Exhibit "B." Plaintiff never amended his Complaint to add a claim for compensatory damages. For that reason, he should not be permitted to add such a claim at this time.

II. **ARGUMENT**

 A. **Testimony Regarding Any Alleged Pain and Suffering is Irrelevant to the Issues In the Trial and, Accordingly, Must Be Excluded From Evidence.**

"Relevant evidence" is defined as evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See FRE 401. Testimony regarding any alleged pain and suffering sustained by Plaintiff due to Defendant's failure to promote him in April 1999 is irrelevant to the issues in this trial.

As stated above, Plaintiff failed to plead a claim for compensatory damages in his Complaint. If the Court finds that Plaintiff cannot add a claim for compensatory damages at this late period in the litigation, any testimony regarding alleged pain and suffering experienced by Plaintiff is irrelevant to his claim because the only issue in this case would be whether Plaintiff should be awarded back pay for alleged retaliatory treatment by Defendant. See Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 278 (4th Cir. 1999) (noting that the magistrate judge

3

granted the defendant's motion <u>in</u> <u>limine</u> to exclude evidence of punitive damages because the plaintiff did not allege sufficient facts in her complaint to give the defendant notice of her claim for such damages and leave to amend at such a late stage in the litigation would prejudice the defendant). Alleged pain and suffering sustained by Plaintiff is therefore irrelevant and not probative of any issue in this case because Plaintiff would not be permitted to recover for such damages.

**B.   Testimony Regarding Any Alleged Pain and Suffering Experienced by Plaintiff Should Be Excluded Under FRE 403.**

Even assuming, <u>arguendo</u>, that evidence pertaining to Plaintiff's pain and suffering is somehow relevant to the issues in this trial (which Defendant strongly denies), such evidence should nevertheless be excluded under FRE 403 because the probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time.[1] Evidence is unfairly prejudicial if it "appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise may cause a jury to base its decision on something other than the established propositions in the case." <u>Carter v. Hewitt</u>, 617 F.2d 961, 972 (3d Cir. 1980),

---

[1] FRE 403 states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

4

citing, 1 J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 403[03], at 403-15 to 403-17 (1978).

Plaintiff's proposed testimony regarding alleged pain and suffering sustained as a result of Defendant's failure to promote him clearly is designed to appeal to the sympathy of the jury in this case, and the unfair prejudice that will result from such testimony is not outweighed by any probative value of the testimony. The only reason there can be for presenting evidence of pain and suffering, where the plaintiff has no compensatory damages claim, is to elicit sympathy from the jury. As stated above, whether Plaintiff suffered any emotional distress is irrelevant to whether he should be awarded back pay for alleged retaliatory treatment by Defendant and, therefore, evidence regarding these issue is not at all probative and is easily outweighed by the unfair prejudice that will result from its admission.

Accordingly, under FRE 403, Plaintiff should be barred from using or offering any testimony regarding any alleged pain and suffering he experienced as a result of Defendant's failure to promote him in April 1999.

## III. CONCLUSION

For all the foregoing reasons, Defendants' Motion in Limine must be granted, and Plaintiff must be barred from introducing any evidence of, relying upon, or offering any testimony concerning any pain and suffering experienced by

him, or any other evidence that would support his unpled compensatory damages claim.

Respectfully submitted,

_____
MARVIN L. WEINBERG, ESQUIRE
JOHN C. ROMEO, ESQUIRE
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103-3291
(215) 299-2706
Attorneys for Defendant,
Pennsylvania Turnpike Commission

Dated: March 25, 2003

## CERTIFICATE OF SERVICE

I, John C. Romeo, Esquire, hereby certify that a true and correct copy of Defendant's Motion <u>In</u> <u>Limine</u> to Preclude Evidence of Plaintiff's Alleged Pain and Suffering In Support of His Unpled Compensatory Damages Claim was served this date on Plaintiff's counsel via overnight Federal Express, addressed as follows:

>Andrew J. Ostrowski, Esquire
>4311 North Sixth Street
>Harrisburg, PA  17110
>
>*Counsel for Plaintiff*

JOHN C. ROMEO

Dated: March 25, 2003

JUN 11 2001 16:13 FR P●-LEGAL DEPT.    717 986 965●    TO 312152992150    P.02

ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY E. WILLIAMS, JR.

319 CARAVAN COURT

MIDDLETOWN, PA 17057

(Enter above the full name of plaintiff in this action)

V.

PENNSYLVANIA TURNPIKE COMMISSION
PO BOX 67676
HBG, PA 17106-7676

(Enter above the full name of defendant(s) in this action)

CIVIL CASE NO. _____
(To be supplied by Clerk of the District Court)

1:CV-01-0877



FILED MAY 18 2001
PER _____ HARRISBURG, PA. DEPUTY CLERK

## COMPLAINT

1. The plaintiff HARRY E. WILLIAMS, JR., a citizen of the County of DAUPHIN, State of Pennsylvania, residing at 319 CARAVAN COURT, MIDDLETOWN, PA 17057 wishes to file a complaint under TITLE VII OF THE CIVIL RIGHTS ACT
(give Title No, etc.)
OF 1964 AS AMENDED, 42 U.S.C. 2000 E, ET SEQ.

2. The defendant(s) is or are PENNSYLVANIA TURNPIKE COMMISSION PO BOX 67676 HARRISBURG, PA 17106-7676

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary.

3.
(Continued) IN 1999, I FILED A COMPLAINT WITH PHRC - DOCKET # E-94646-D - EEOC CHARGE # 17FA01545. MY COMPLAINT WAS AMENDED ON 1-13-2000. I FILED AFTER I WAS PASSED OVER A MANAGEMENT POSITION BECAUSE I OPPOSED THE UNFAIR TREATMENT OF DISCRIMINATION AGAINST A BLACK FEMALE WHO FILED TWO COMPLAINTS OF DISCRIMINATION BASED ON RACE, SEX, & RETALIATION IN MARCH & JUNE OF 1999. THE DOCKET #'S ARE: E-90815-D & E-92038-D. MANAGEMENT INFORMED ME NOT TO HELP THAT "DUMB F------ NIGGER TERRI EDWARDS IF YOU VALUE YOUR JOB OF 19 YEARS." THIS OFFENDS ME TO THIS DAY & DIDN'T APPRECIATE THE INTIMIDATION THAT MANAGEMENT TRIED TO CONVEY.

4. WHEREFORE, plaintiff prays that: FIND THE DEFENDANT GUILTY OF
(State what you wish the Court to do)

DISCRIMINATION BASED ON SEX, RETALIATION, & INTIMIDATION. TO OBTAIN SALARY DIFFERENCE OF TWO MALES WHO WERE PROMOTED TO THE POSITION OF COMMUNICATIONS CENTER DUTY OFFICER IN 1999 THAT WERE OBVIOUSLY LESS QUALIFIED THAN I. PAY DIFFERENCE FROM 1999 TO PRESENT IN MY CURRENT POSITION. RECEIVE A WRITTEN & PUBLIC APOLOGY FOR THEIR ACTIONS.

Harry E. Williams Jr.
(Signature of plaintiff)

319 CARAVAN COURT
Street Address

MIDDLETOWN, PA  17057
City,                    Zip Code

717-944-4770
Telephone Number

| | |
|---|---|
| Attorneys for Plaintiff: | Andrew J. Ostrowski, Esquire<br>4311 North Sixth Street<br>Harrisburg, PA 17110<br>Phone: (717) 221-9500 |
| Attorneys for Defendant: | Marvin L. Weinberg, Esquire<br>John C. Romeo, Esquire<br>FOX, ROTHSCHILD, O'BRIEN & FRANKEL<br>Philadelphia, Pennsylvania 19103-3291<br>Phone: (215) 299-2000<br>Fax:    (215) 299-2150 |

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Harry E. Williams,<br>    Plaintiff | : CASE NO. 1:CV-01-0357<br>:<br>: |
| v | : JUDGE RAMBO<br>: |
| Pennsylvania Turnpike Commission,<br>    Defendant | :<br>: JURY TRIAL DEMANDED |

FILED
JAN 2 5 2002
PER
HARRISBURG, PA  DEPUTY

### JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1.   Principal Issues

   1.10   Separately for each party, please give a statement summarizing this case:

   By plaintiff(s):

   **Plaintiff filed a pro se complaint arising out of his being refused a promotion in retaliation for his having opposed the discriminatory treatment of a co-worker.**

   By defendant(s):

   **Plaintiff alleges he was refused a management position, Duty Officer, in retaliation for allegedly opposing the alleged discriminatory treatment of a co-worker. Defendant denies that it retaliated against Plaintiff in any respect. To the contrary, Plaintiff was denied a Duty Officer position based solely on legitimate and non-discriminatory reasons; he was not the most qualified individual for a position.**

   The principal <u>factual</u> issues that the parties <u>dispute</u> are:

   1.11   **Generally, it is disputed whether plaintiff was retaliated against based on his alleged opposition to what he considered to be discriminatory treatment of a co-worker. Defendant asserts that Plaintiff was not the most qualified applicant for a Duty Officer position.**

   1.20   <u>Agree upon</u> are:

   **The parties agree that Plaintiff applied for and did not receive the Duty Officer position.**

   1.30   The principal <u>legal</u> issues that the parties <u>dispute</u> are:

   **Unknown at this time.**

   1.40   <u>Agree upon</u> are: **Unknown at this time.**

   1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: **None.**

   1.60   Identify any named parties that have not yet been served: **None.**

   1.70   Identify any additional parties that:

   plaintiff(s) intends to join: **Plaintiff intends to add individual Defendants pursuant to 42 U.S.C 1983.**

defendant(s) intends to join: **None**.

1.80  Identify any additional claims that:

plaintiff(s) intends to add: **Plaintiff intends to assert claims pursuant to 42 U.S.C. 1983.**

defendant(s) intends to add: **None**.

2.0  Alternative Dispute Resolution ("ADR")

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: **None to date**.

Date ADR to be commenced: **N/A**

Date ADR to be completed: **N/A**

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**This case has already been the subject of a PHRC investigation. Nevertheless, Plaintiff still continues to pursue his allegations of retaliation. Accordingly, it is unlikely that ADR will be of further assistance.**

3.0  Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton
___ Wilkes-Barre
___ Harrisburg

4.0	Disclosures

    4.100	Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

        4.101	Disclosed by Defendant: **None to date.**

| Name | Title/Position |
|---|---|
| 4.102 **Joseph Sullivan** | **Former Manager, Safety & Operations Center** |
| 4.103 **William Capone** | **Director of Marketing** |
| 4.104 **J. Rispoli** | **Manager Customer Safety** |
| 4.105 **G. Rausch** | **Duty Officer** |
| 4.106 **Angela Rudy** | **Duty Officer** |
| 4.107 **Dale Wickard** | **Duty Officer** |
| 4.108 **Fred Jumper** | **Duty Officer** |
| 4.109 **Ronald Frank** | **Former Employee** |
| 4.110 **Diane Jordan** | **Duty Officer** |
| 4.111 **Joanne Gitto Davis** | **Director Human Resources** |

    4.151	Disclosed by **Plaintiff: None to date.**

| Name | Title/Position |
|---|---|
| 4.152 **Plaintiff** | |
| 4.153 **Terry Edwards** | **Former co-worker** |

        4.154 **Witnesses disclosed by Defendant**

    4.200	Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201	Categories of documents disclosed by Defendant: **None to date.**

4.251 Categories of documents disclosed by Plaintiff:

4.252 **Any discoverable documents that exist.**

4.300 Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents ___**Defendant**___ will disclose:

(party)

4.302: **Plaintiff's personnel file**

4.303: **Documents concerning Plaintiff's application for the Duty Officer position, if any.**

4.304 **Documents concerning the reasons Plaintiff was not selected for the Duty Officer position, if any.**

4.305 **Documents concerning Plaintiff's PHRC claim.**

4.351 Additional categories of documents ___**Plaintiff**___ will disclose:

(party)

4.352 **Any discoverable documents that Plaintiff learns exist.**

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 plaintiff's calculation of damages: **Unknown**

4.402 defendant's calculation of offset: **Unknown**

4.403 counter claimant/third party claimant's calculation of damages: N/A

5.0  Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| **Motion for Summary** | **Defendant** | **Upon the close of Discovery** |

6.0     Discovery

    6.100 Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):  **None to date.**

        By defendant(s):  **Self-Executing Disclosures, Requests for Production and Interrogatories. Plaintiff's deposition has also been noticed.**

    6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"): **Defendant will depose Plaintiff concerning all allegations in his Complaint and alleged damages. Plaintiff will depose certain of Defendant's witnesses relative to all his claims.**

    6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: **N/A**

    6.400 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: **Unknown at this time.**

    6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

        6.501 depositions (excluding experts) to be taken by:

            plaintiff(s):  **10**     defendant(s):  **10**

        6.502 interrogatories to be served by:

            plaintiff(s):  **25**     defendant(s):  **25**

        6.503 document production requests to be served by:

    plaintiff(s): **25**    defendant(s): **25**

 6.504 requests for admission to be served by:

    plaintiff(s): **50**    defendant(s): **50**

 6.600 All discovery commenced in time to be completed by: **July 31, 2002**

 6.700 Reports from retained experts due:

   from plaintiff(s) by: **August 16, 2002**
   from defendant(s) by: **September 15, 2002**

 6.800 Supplementations due: **September 29, 2002**

**7.0**  Protective Order

 7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. **N/A**

 7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: **N/A**

**8.0**  Certification of Settlement Authority (All Parties Shall Complete the Certification)

 I hereby certify that the following individual(s) have settlement authority.

<u>For Defendant</u>:

 Name: **Heather Sharp**
 Title: **Assistant Counsel, Pennsylvania Turnpike Commission**
 Address: **P.O. Box 67676, Administration Building, Harrisburg, PA 17106-7776**
 Daytime Telephone: **(717) 939-9551**

<u>For Plaintiff</u>:

 Name: **Harry Williams**
 Title: **Plaintiff**
 Address: **c/o Counsel**

9.0 Scheduling

    9.1 This case may be appropriate for trial in approximately:

        ___ 240 Days from the filing of the action in this court

        ✓ 365 Days from the filing of the action in this court

        ___ Days from the filing of the action in this court

    9.2 Suggested Date for Trial:

        **November 2002**

    9.3 Suggested Date for the final Pretrial Conference:

        **November 1, 2002**

    9.4 Final date for joining additional parties:

        Plaintiff(s): Plaintiff reserves the right to join parties as permitted by law

        **February 15, 2002** Defendants(s)

    9.5 Final date for amending pleadings:

        Plaintiff(s): Plaintiff reserves the right to amend his pleadings as permitted by law.

        **February 15, 2002** Defendants(s)

    9.6 All potentially dispositive motions should be filed by:

        **August 30, 2002**

10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0   Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party

Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street
Philadelphia, Pennsylvania 19103-3291
(215) 299-2000

Attorneys for Defendant Pennsylvania Turnpike Commission


Dated: 1/25/02

_____
Andrew Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
*Attorney for Plaintiff*


Dated: January 25, 2002

_____
Marvin L. Weinberg, Esquire
John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
*Attorneys for Defendant*


PH1 349326v1 01/24/02

\*\* TOTAL PAGE.02 \*\*