

FILED
HARRISBURG, PA

APR 4 2003

MARY E. D'ANDREA, CLERK
Per _____
                    Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY E. WILLIAMS JR.,** | **: CIVIL ACTION NO.: 1:CV-01-0877** |
| **Plaintiff** | : |
| | : *Lambo* |
| **v.** | : |
| | : |
| **PENNSYLVANIA TURNPIKE** | : |
| **COMMISSION,** | : |
| **Defendants** | : |

### <u>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS</u>

Respectfully Submitted,

By _____

    Andrew J. Ostrowski, Esquire
    I.D. No.: 66420
    4311 North Sixth Street
    Harrisburg, PA 17110
    (717) 221-9500
    Attorney for Plaintiff

Dated: April 4, 2003

1.    In this case, Mr. Williams has claimed that he did not receive a promotion to the position of Duty Officer in 1999 because he voiced his opposition to the Turnpike Commission's unlawful employment practices regarding the treatment of a co-worker, Terri Edwards.  Mr. Williams has brought his case under federal law which prohibits retaliation against an employee for opposing unlawful and discriminatory employment practices, and allows an employee who has been harmed to file a claim for money damages.

The pertinent provision of the law states that: "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter."

42 U.S.C. § 2000e-3(a) (1994).

2.    In order for Mr. Williams to establish a case of discriminatory retaliation under, he must show 1) that he engaged in protected activity, 2) that his employer, the Pennsylvania turnpike Commission, took adverse action against him, and 3) that a causal link exists between the protected activity and the employer's adverse action. *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173 (3d Cir. 1997).[1]

---

[1]Plaintiff submits that, under the Title VII standard, the issue of protected activity is a legal question for the Court, and that, under the circumstances, the existence of an adverse employment action (non-selection for promotion) can be taken as established for purposes of the Court's charge. Accordingly, the only issues for the jury are causation and damages.

3.     In this case, the Court has determined that Mr. Williams engaged in protected activities when he questioned the treatment of Terri Edwards, and that his non-selection for promotion was an adverse employment action.  Therefore, the only issue for you to decide is whether Mr. Williams was not promoted because he opposed the treatment of Terri Edwards.  Under the law, this is known as the concept of "causation", and simply means that Mr. Williams must show that his protected activity caused the Turnpike to not promote him in order to show that he suffered unlawful retaliation.

If you find that retaliation played a role in the employer's decision-making process and was a motivating factor in the outcome of that process, you should find that Mr. Williams has proven a case of retaliation.


Krouse v. American Sterilizer Co., 126 F.3d 494, 501 (3d Cir. 1997).

4.     In determining whether the Turnpike Commission's failure to promote Mr. Williams was caused by his protected activity, you should also consider whether the Turnpike Commission has offered a legitimate reason for not promoting Mr. Williams that is not retaliatory.

In this case, the Turnpike Commission asserts that Mr. Williams was not selected because other candidates were more qualified.  If you do not find that this is a legitimate reason to explain Mr. Williams' non-promotion, your verdict should be for Mr. Williams, and you should proceed to determine what damages he is entitled to.

*Simpson v. Kay Jewelers, Inc.*, 142 F.3d 639, 644 (3d Cir. 1998)

5.    If you find that the turnpike Commission has offered a legitimate, non-retaliatory reason for not promoting Mr. Williams, you may still find for Mr. Williams if you find that the reasons given by the Turnpike Commission were not the real reasons for his non-promotion.  In other words, if you find that the reasons given by the Turnpike Commission were merely a pretext for retaliation, you should find for the Mr. Williams.  In making this decision, you must determine whether Mr. Williams presented evidence from which you can either reasonably disbelieve the Turnpike Commission's articulated reasons or believe that a retaliatory reason was more likely than not a motivating or determinative cause.

*Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

6.     If you return a verdict for the Plaintiffs, then you must consider the issue of actual damages, and you must award Mr. Williams such a sum of money as you believe will fairly and justly compensate him for any injuries you believe he actually sustained as a direct consequence of the conduct of the Defendant.  In this case, Mr. Williams alleges that he has suffered damages in the form of back pay and benefits by not being selected to the Duty Officer position in 1999, and that he also suffered damages due to the emotional turmoil, suffering, humiliation, and embarrassment of not being promoted to the Duty Officer position.  Employees in cases of retaliation are entitled to recover damages in addition to any lost income or benefits they claim, and you are instructed that you can award damages to Mr. Williams for his emotional turmoil, suffering, humiliation, embarrassment in an amount you deem appropriate to compensate him, in addition to any money you award as back pay.

You shall award Mr. Williams actual money damages for those injuries which you find that Mr. Williams has proven by a preponderance of the evidence that the Defendant has caused.

*Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287 (8th Cir. 1997); *Durko v. OI-NEG TV Products*, 870 F. Supp. 1278 (M.D. Pa. 1994); 42 U.S.C. § 2000e-5; Modern Federal Jury Instructions, Sand, Siffert, Volume 4.

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy

of the foregoing document upon the following counsel of record by depositing the same in the

U.S. Mail, postage prepaid,  addressed as follows:


John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-2706


By
Andrew J. Ostrowski, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500



Dated: April 4, 2003