2 to U

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

Harry E. WILLIAMS, JR.,                 :
                   **Plaintiff**            :

                           :            **No. 1:CV-01-0877**

       **v.**                    :

                           :            **Judge Sylvia Rambo**

PENNSYLVANIA TURNPIKE         :

COMMISSION,                            :

                  **Defendant**            :

FILED
HARRISBURG
APR 07 2003
MARY E. D'ANDREA, CL
Per _____
DEPUTY CLERK

## PLAINTIFF'S REPLY TO MOTION TO QUASH SUBPOENA

NOW COMES the Plaintiff, Harry E. Williams, Jr., by his counsel, Andrew J. Ostrowski in response to a *pro se* petition by Joseph P. McCool, of 27 Lukens Street, Feasterville (Bucks County), Pennsylvania to quash a subpoena served upon him April 2, 2003 at 5:00 P.M., and replies as follows:

1.    Petitioner's motion invoking the "100-mile" rule misrepresents Fed. R. Civ. P. 45(c)(3)(A)(ii) in that this Court can command a nonparty to attend trial subject to the qualifications provided under Rule 45(c)(3)(B)(iii). *See e.g.* 6A Wright & Miller, Federal Civil Practice and Procedure, § 2463 at p. 71.

1

2.    The only relief to which Petitioner is entitled is a prayer for "reasonable compensation." In as Petitioner concedes that the distance between his residence and the Courthouse is but 115 miles, Petitioner offers no evidence of hardship that would require this Court to quash a subpoena.

3.    In any respect, under Rule 45(c)(3)(B)(iii), Plaintiff has a substantial need for the Petitioner's testimony that cannot be otherwise met in that Petitioner was intimately involved in the decision-making processes which are the fact issues at trial. In fact, as referenced in Defendant's Motions in Limine, this Court's summary judgment decision failed to recognize Plaintiff's factually supported contention that Petitioner was *the* central figure in the promotion process. The summary judgment record and trial exhibits reflect abundant evidence in that regard.

4.    While Petitioner will undoubtedly be treated as a hostile witness, he nonetheless remains required to testify truthfully to all matters relevant to trial, and such truthful testimony will show that *he* orchestrated and controlled the decision-making process that led to Plaintiff's non-promotion because Plaintiff continued to assist "that crazy fucking nigger."

5.    Petitioner intimates that the service of the Subpoena was untimely, by referring to Fed.R.Civ.P. 27(a)(2). However, Rule 27(a)(2) is inapposite as it is limited

only to the taking of depositions before commencing an action or pending appeal. In any respect, Plaintiff alleges that Petitioner sought to conceal himself from earlier service in that it required three different law enforcement agencies to eventually locate Petitioner.

6. The subpoena requiring Petitioner's attendance was issued on March 9, 2003, and numerous efforts to effect service have been made since then. Plaintiff has also made efforts to locate and subpoena Petitioner for a deposition in this case, and has had a subpoena quashed in the *Edwards* matter. Plaintiff believes that Petitioner has been, or remains, in contact with agents and/or representatives of Defendant, and Petitioner is well aware and on considerable notice of both Plaintiff's intention to secure his testimony, and the compelling need for that testimony under circumstances.

7. Finally, Petitioner avers that attendance pursuant to the subpoena will constitute a hardship in as Petitioner alleges he "recently started a new job and is currently in a probationary period." However, Petitioner offers no such evidence to substantiate his claim, and presuming *arguendo*, the truthfulness of his assertions, it still remains no defense to his obligation to testify truthfully before this Court to the relevant matters to be proven at trial.

3

8.    Plaintiff submits that the Motion to quash should be dismissed summarily or, in the alternative, requests that Petitioner be present to present testimony to support his assertions, and for this Court to review the need for his testimony.

**WHEREFORE**, inasmuch as Petitioner has failed to demonstrate any hardship that would not be mitigated by reasonable compensation and Plaintiff has a substantial need for the Petitioner's testimony that cannot be otherwise met, the Petitioner's *pro se* motion to quash the subpoena should in all respects be denied and Petitioner be held in contempt if he fails to obey the subpoena as commanded by this Court.

Respectfully submitted,

Andrew J. Ostrowski, Esquire
I.D. No.  66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

Dated:  April 7, 2003

4

# CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy of the foregoing document by depositing the same in the U.S. Mail, first class, postage prepaid, addressed as follows:

> John C. Romeo, Esquire
> Fox, Rothschild, O'Brien & Frankel
> 2000 Market Street, Tenth Floor
> Philadelphia, PA 19103-2706

By _____
Andrew J. Ostrowski, Esquire

Dated: April 7, 2003