2 TO 9

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY E. WILLIAMS JR.,**<br>**Plaintiff** | : CIVIL ACTION NO.: 1:CV-01-0877 |
| | : *Judge Rambo* |
| | : |
| **v.** | : |
| | : |
| **PENNSYLVANIA TURNPIKE** | : |
| **COMMISSION,** | : |
| **Defendants** | : |

FILED
HARRISBURG

APR 1 0 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MOTION TO AVOID THE INTENTIONAL DEPRIVATION OF JUSTICE TO ANOTHER AMERICAN CITIZEN THROUGH BAD FAITH PRETRIAL MOTIONS AND ABUSIVE PRETRIAL ORDERS SEEKING RECONSIDERATION OF THE COURT'S APRIL 8, 2003 ORDER GRANTING DEFENDANT'S MERITLESS MOTIONS IN LIMINE, FILED WITHOUT GOOD FAITH LEGAL AND/OR FACTUAL SUPPORT, AND PRECLUDING EVIDENCE THAT PLAINTIFF'S SUPERVISOR STATED THAT PLAINTIFF'S FUTURE WITH THE TURNPIKE COMMISSION WOULD BE IN JEOPARDY IF PLAINTIFF CONTINUED TO AID HIS "CRAZY FUCKING NIGGER" COWORKER, PRECLUDING EVIDENCE OF ACTUAL DAMAGES TO WHICH PLAINTIFF IS ENTITLED AS A MATTER OF LAW, PRECLUDING EVIDENCE THAT PLAINTIFF WAS DENIED A PROMOTION TO THE SAME POSITION ON TWO MORE OCCASIONS, AND PRECLUDING EVIDENCE OF EXTREME ACTS OF EMPLOYEE MISCONDUCT IN AN ENVIRONMENT WHERE HIS AFRICAN-AMERICAN CO-WORKER WAS BEING DISCIPLINED

**AND NOW**, comes Plaintiff, through his Counsel, and, in seeking reconsideration of this Court's April 8, 2003 Order, avers as follows:

1.      Defendant filed non-concurred-in Motions in Limine on March 24, 2003 seeking to preclude 1) evidence that Plaintiff's future with the Turnpike Commission would be in jeopardy if plaintiff continued to aid his "crazy fucking nigger" coworker, 2) evidence of actual damages to which Plaintiff is entitled as a matter of law, 3) evidence that Plaintiff was denied a promotion to the same position two more times - 3 months and 18 months after the first denial, and 4) evidence of extreme acts of employee misconduct in an environment where his African-American co-worker was being disciplined.

2.      Plaintiff's Counsel readily acknowledges that opposing briefs were not filed by April 4, 2003, but Counsel submits that Defendant made no intelligible and reasoned legal argument with respect to the propriety of the motions, other than attempting to capitalize on this Court's gratuitous, collateral findings in its summary judgment memorandum which have no effect beyond that memorandum. Counsel further asserts Joseph McCool's Motion to Quash[1], known attachment in trial with Judge Jones during the week of April 7 and, until last

_____

[1]While that Motion was filed *pro se*, Plaintiff's Counsel is quite confident that Mr. McCool received considerable input in some for or fashion from the offices of Fox, Rothschild, O'brien, & Frankel and/or the Pennsylvania Turnpike Commission in preparing that filing.

week, attachment for Judge Muir's April term as mitigating factor's in Plaintiff's Counsel's failure to timely file his responsive briefs to Defendants meritless motions and worthless briefs for which Plaintiff should not be punished and denied justice. Further, Plaintiff's Counsel expected there to be argument at the time of jury selection on April 7 on all outstanding issues, and was prepared to request this Court's indulgence, and to demonstrate, in the 2 minutes it would have taken on the record, why all Defendant's Motions should have been denied. Plaintiff submits that denying these Motions as unopposed constitutes an unqualified abuse of discretion.[2]

    3.    More specifically, with respect to the first issue:

    a) Plaintiff addressed the same issue in his Brief in Opposition to Defendant's Motion for Summary Judgment as follows:

No evidence speaks stronger to Defendant's retaliatory animus than the direct evidence of the decisionmakers' retaliatory animus. Defendant at least (possibly so as to avoid a motion for sanctions) addressed the issue of the statements of warning made by Joe McCool and Joe Sullivan that Plaintiff's chance of becoming a Duty Officer was being jeopardized by his support of Edwards, but Defendant's attempt to cast such germane evidence off as mere "stray remarks" reflects desperation and lacks credibility. Unlike the situation Rand as cited by Defendant, the present case involves temporal proximity and involves persons directly involved in the process, and the

---

[2]Of course, this Court's ruling does not cover the admission of the evidence Defendant has sought to preclude for other proper purposes.

probative value of this evidence cannot be reasonably minimized to any degree.

  b)   Defendants made an unintelligible and, Plaintiff submits, bad faith argument as to how the evidence should be precluded under the general rule of relevance or, in the alternative, because it is unfairly prejudicial[3]; and

  c)   This Court denied Joseph McCool's Motion to Quash upon a finding that Plaintiff had shown a substantial need for his testimony based, in part, upon the following assertions:

> Plaintiff has a substantial need for the Petitioner's testimony that cannot be otherwise met in that Petitioner was intimately involved in the decision-making processes which are the fact issues at trial. In fact, as referenced in Defendant's Motions in Limine, this Court's summary judgment decision failed to recognize Plaintiff's factually supported contention that Petitioner was *the* central figure in the promotion process. The summary judgment record and trial exhibits reflect abundant evidence in that regard.

> While Petitioner will undoubtedly be treated as a hostile witness, he nonetheless remains required to testify truthfully to all matters relevant to trial, and such truthful testimony will show that *he* orchestrated and controlled the decision-making process that led to Plaintiff's non-promotion because Plaintiff continued to assist "that crazy fucking nigger."

---

[3]Plaintiff, of course, agrees with the proposition that the statement that Plaintiff's future with the Turnpike Commission would be jeopardized if he continued to aid his "crazy-fucking nigger" co-worker. In fact, nothing could be more prejudicial. Plaintiff contends that the prejudice to Defendant, however, if fair and appropriate.

4.    With respect to the second issue, at the time of the April 7, 2003 jury

selection, Counsel was prepared to cite the Court, and Defendant, to the following

authority:

Fed.R.Civ.P. 54(c) provides in pertinent part:

> "**(c) Demand for Judgment.**  A judgment by default
> shall not be different in kind from or exceed in amount
> that prayed for in the demand for judgment.  Except as to
> a party against whom a judgment is entered by default,
> every final judgment shall grant the relief to which the
> party in whose favor it is rendered is entitled, *even if the
> party has not demanded such relief in the party's
> pleadings*." (Emphasis added).

As the Third Circuit reiterated in *Kirby v. United States Dept. of Housing*

*and Urban Development*, 745 F.2d 204, 207 (3d Cir. 1984):

> "The rule requires that a court ascertain whether the plaintiffs are
> entitled to any remedy, not whether they have asked for the proper
> remedy. As long as the plaintiffs have stated a claim for relief, it is
> the court's obligation to grant the relief to which the prevailing party
> is entitled whether it has been specifically demanded or not.    *Cf.*
> *Glick v. Campagna*, 613 F.2d 31, 37 n. 5 (3d Cir.1979);  *see also* 10
> C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §
> 2664 (1983)."

How Defendant's brief failed to recognize these abiding principles, and why this

court needed a brief on such a basic issue escapes Plaintiff's Counsel.

5.    With respect to the third issue, Plaintiff was prepared to proffer that

he did submit an application for the position, and that Joseph Sullivan told him

that he would be assured to not have an opportunity to fairly compete for that position, and that the third position, for which he applied after he filed charges of discrimination on the first one, demonstrated a clear retaliatory pattern of conduct.

6.     With respect to the fourth issue, Defendant makes a similar baid faith relevancy argument as they did with the McCool issue, and Plaintiff submits that it takes no law or brief to argue that discrimination cases are highly context-specific, and that treatment of similarly-situated employees in a work environment tolerant of some pretty extreme misconduct is squarely at the heart of a discrimination, and, in this case, retaliation, case.

7.     Under the circumstances, this Court's conclusion that Defendant's Motions can be deemed unopposed is ludicrous, is unsupported by fact, law or reason, and is a truly draconian measure employed to cut the heart out of Plaintiff's case in order to deliberately deny Harry Williams justice for reasons unrelated to anything Harry Williams did, and reconsideration is appropriate.

**WHEREFORE** Plaintiff respectfully requests an appropriate Order granting him relief consistent with the foregoing.

Respectfully Submitted,

By _____
Andrew J. Ostrowski, Esquire
I.D. No. 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Dated: April 10, 2003                    Attorney for Plaintiff

7

## CERTIFICATE OF NONCONCURRENCE

I, Andrew J. Ostrowski, certify that Counsel for Defendant does not concur in Plaintiff's

Motion.

Andrew J. Ostrowski, Esquire
I.D. No.  66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500

Dated: April 10, 2003                 Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy

of the foregoing document upon the following counsel of record by depositing the same in the

U.S. Mail, postage prepaid,  addressed as follows:


John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-2706


By _____
Andrew J. Ostrowski, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500




Dated: April 10, 2003