2 to 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY E. WILLIAMS, JR.,          :

                      :          **CIVIL ACTION**

        **Plaintiff,**          :          **NO. 1:CV 01-0877**

                      :

        **V.**          :

                      :          **(Judge Rambo)**

PENNSYLVANIA TURNPIKE          :

COMMISSION,          :

                      :

        **Defendant.**          :

**FILED**
**HARRISBURG**

APR 1 1 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANT, PENNSYLVANIA TURNPIKE COMMISSION'S, RESPONSE TO PLAINTIFF'S APRIL 10, 2003 MOTION

On April 10, 2003, well after the deadline for filing responses to motions *in limine*, Plaintiff filed a motion apparently seeking reconsideration of the Court's April 8, 2003 Order granting Defendant's motions *in limine*.

While Defendant is loath to file this response to Plaintiff's frivolous motion, it is compelled to respond to the accusations, insults and misrepresentations of fact and law contained therein.

By way of brief background, on March 19, 2003, the Court ordered that all motions *in limine* be filed by March 26, 2003, and that any responses thereto be filed by **April 4, 2003.** Defendant timely filed four separate motions *in limine* on March 26, 2003 along with supporting memoranda of law for each motion. The Court then reiterated during the March 28, 2003 Pretrial Conference that Plaintiff's responses to

Defendant's motions *in limine* were to be filed by April 4, 2003. Nevertheless, Plaintiff never filed any response to Defendant's motions *in limine*.

Now, <u>after</u> the Court has already ruled on Defendant's motions *in limine*, Plaintiff files this nonsensical motion seeking a reversal of the Court's April 8, 2003 Order. For the reasons stated in each of Defendant's motions *in limine,* which are incorporated herein by reference, this Court properly granted each of Defendant's motions. Moreover, pursuant to Local Rule 7.6, any respondent who fails to file a timely responsive brief shall be deemed not to oppose such motion. Since Plaintiff failed to file any response to Defendant's motions *in limine*, by rule they are deemed unopposed -- as properly noted by the Court.

In his motion, Plaintiff's counsel states "that he expected there to be argument at the time of jury selection on April 7 on all outstanding issues, and was prepared to request this Court's indulgence...." Plaintiff's counsel, however, did <u>not</u> request argument on any outstanding issues during jury selection. Notably, jury selection was held on April 7, 2003 -- three (3) days after the deadline for responses to motions *in limine*. And amazingly, during jury selection, counsel for Defendant, Marvin L. Weinberg, Esquire, specifically asked counsel for Plaintiff, Andrew Ostrowski, Esquire, whether he had responded to Defendant's motions *in limine*, to which Mr. Ostrowski responded only that he "did <u>not</u> file any responses." The fact is, Mr. Ostrowski did not file any responses and he did not ask the Court for oral argument on

PHI 489228v1 04/11/03

any outstanding issues, despite having been reminded during jury selection of the outstanding motions.

Plaintiff's eleventh-hour assertions to this Court that he expected oral argument are nothing short of a transparent effort to excuse his inexplicable neglect of and noncompliance with this Court's orders with respect to motions *in limine*.

Plaintiff should not now be rewarded for his counsel's unprofessional and disrespectful actions before this Court.[1]

_____

[1] Plaintiff also baldly accuses Fox Rothschild LLP of offering "considerable input" to Joseph McCool with respect to Mr. McCool's Motion to Quash his subpoena. Plaintiff's accusations are unfounded, baseless and simply untrue.

PH1 489228v1 04/11/03

## Conclusion

Plaintiff's Motion is untimely, without any merit, insulting to the Court, unprofessional and worthy of sanctions. Accordingly, Defendant hereby requests that Plaintiff's Motion be denied in its entirety, and that sanctions be imposed against Plaintiff's counsel.

Respectfully submitted,

MARVIN L. WEINBERG, ESQUIRE
JOHN C. ROMEO, ESQUIRE
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103
(215) 299-2706

Attorneys for Defendant,
Pennsylvania Turnpike Commission

Dated: April 11, 2003

## **CERTIFICATE OF SERVICE**

I, John C. Romeo, hereby certify that a true and correct copy of the foregoing

Motion was served upon counsel for Plaintiff via facsimile and first class mail on the

11th day of April, 2003.

John C. Romeo, Esquire

Dated:  April 11, 2003