IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HARRY E. WILLIAMS,** : CIVIL NO. 1:CV-01-0877
      **Plaintiff** :
:
      v. :
:
**PENNSYLVANIA TURNPIKE** :
**COMMISSION,** :
      **Defendant** :

# M E M O R A N D U M

      Before the court are (1) Plaintiff's motion for reconsideration of the court's order of April 8, 2003, and (2) Joseph McCool's renewed motion to quash the subpoena issued to him by Plaintiff.

**I.       Background**

      On March 19, 2003, the court issued an order requiring that the parties file all motions *in limine* no later than March 26, 2003 and that responses to those motions would be due by April 4, 2003. On March 26, 2003, Defendant filed the following motions *in limine*: (1) to preclude evidence of Plaintiff's unpled claim of pain and suffering; (2) to preclude evidence concerning Joseph McCool's alleged statement to Ronald Frank; (3) to preclude evidence of Dale Wickard's alleged work misconduct; and (4) to preclude evidence regarding the July 1999 and November 2000 duty officer job openings. Plaintiff did not file any motions *in limine*.

      On March 28, 2003, the court held a pretrial conference in the captioned matter. Plaintiff's counsel attended this meeting. During the course of this meeting, the court indicated to Plaintiff's counsel, once again, that responses to Defendant's

motions *in limine* were due no later than April 4, 2003. The court also inquired whether Plaintiff's counsel would be able to compose his responses by that date. Plaintiff's counsel indicated that he would not have a problem meeting the court's deadline.

Plaintiff's counsel, however, failed to file a responsive brief to Defendant's motions or a motion for an extension of time. Accordingly, on April 8, 2003, the court granted, as unopposed, Defendant's motions *in limine*. On April 10, 2003, Plaintiff filed the instant motion for reconsideration, arguing that the court made an error of law by granting Defendant's motions and that the order should be reversed in the interest of justice.

**II.        Legal Standard: Motion for Reconsideration**

A motion for reconsideration does not give a litigant a second bite of the apple to reargue his position. Reconsideration motions will be granted only where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

**III.       Discussion**

At the outset, the court would like to make clear that Plaintiff's counsel's failure to file timely briefs in opposition is inexcusable. At the pretrial conference, Plaintiff's counsel indicated to the court that he would be able to file

2

responses to Defendant's motions by the due date. Yet, Plaintiff's counsel failed to do so. Moreover, he failed to file a motion for an extension of time. In fact, Plaintiff's counsel admits that he did not file a timely response. (*See* Pl. Mot. for Recons. at ¶ 2 ("Plaintiff's counsel readily acknowledges that opposing briefs were not filed by April 4, 2003, but Counsel submits that Defendant made no intelligible and reasoned legal argument with respect to the propriety of the motions. . . .").) Therefore, any prejudice that inures to Plaintiff is a direct result of his counsel's failure to file a timely response or a motion for an extension of time. First, if Defendant's motions were as devoid of merit as Plaintiff's counsel claims, then counsel should have been able to make short shrift of these arguments in a concise brief. Yet, he failed to file any brief whatsoever. Second, the court is unaware of any legal authority which would allow Plaintiff's counsel to judge the merits of motions filed by his adversary. It is axiomatic that judges, not attorneys, make such decisions. Third, the local rules of this court clearly state that if a litigant fails to file a timely brief in opposition to a properly filed motion, the litigant will be deemed to not oppose such motion. *See* M.D. Pa. Local Rule 7.6; *see also* M.D. Pa. Local Rule 1.3 (regarding suspension of rules which, in this case, would apply to deadlines for filing responses to pretrial motions). Therefore, Plaintiff's counsel knew the consequences of not filing a timely brief.

Plaintiff's counsel also implies that he was prepared to offer argument in opposition to Defendant's motions at the time of jury selection on April 7, 2003. However, the court did not have any argument scheduled for that time. Moreover, the court is completely baffled as to how Plaintiff's counsel could come to the conclusion that the court would allow him to substitute his brief with oral argument

where the court specifically indicated that it wanted written responses to all motions *in limine* to be filed no later than April 4, 2003. By April 7, 2003, the date of jury selection, the responses were already late and Plaintiff's counsel had not requested an extension or indicated that he would present his argument on April 7. Finally, at jury selection, Plaintiff's counsel did not mention his desire to present his argument. In short, this excuse is disingenuous.

As it stands, Plaintiff's counsel has not demonstrated in any manner how the court's order of April 8, 2003 was "abusive."[1] The court, therefore, would be well within its authority to deny the motion for reconsideration on this basis alone. However, because Plaintiff should not be punished for his counsel's neglect, the court will proceed to evaluate Defendant's motions on their merits. As discussed below, Defendant's motions are well founded. Accordingly, the court will deny Plaintiff's motion for reconsideration.

### A. Motion to Preclude Evidence of Pain and Suffering

Defendant seeks to preclude Plaintiff from offering any evidence regarding pain and suffering. According to Defendant, Plaintiff did not include a claim for pain and suffering in his complaint. In that document, Plaintiff indicated

---

[1] Frankly, the court has tired of Plaintiff's counsel's "abusive" tenor in his filings with the court. Moreover, this is not the first time that the court has had to warn Plaintiff's counsel that he has crossed the fine line separating zealous advocacy from bitter caviling. *See Howard v. DeKlinski*, No. 1: CV-00-1649, order (M.D. Pa. Sept. 14, 2001). The court considers Plaintiff's counsel's use of pejorative insults a violation the Pennsylvania Rules of Professional Conduct. *See* Pa. R. Prof. Conduct 3.5(c) ("A lawyer shall not . . . engage in conduct disruptive to a tribunal."); *see also* Pa. R. Prof. Conduct 3.5 official comment ("Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. . . . An advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics."); M.D. Pa. Local Rules, Appendix C at ¶ 2 ("I will treat with civility and respect the lawyers, clients, opposing parties, the court and all officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.").

that he would only seek the following as compensation for Defendant's alleged misconduct: (1) the difference in salary between the Duty Officer position and Plaintiff's position for the period from April 1999 through the present; and (2) a public apology from Defendant.  Plaintiff, on the other hand, contends that Rule 54(c)[2] of the Federal Rules of Civil Procedure allows Plaintiff to recover for pain and suffering despite the fact that he did not plead such injuries in his complaint.

       The court finds that Defendant's motion is well taken and will grant it.  Despite Plaintiff's contention to the contrary, he was required to plead his pain and suffering claim to recover for such injuries.  Alternatively, he was required to give Defendant some indication that he suffered such an injury and was going to seek recompense for that injury.  Although it only requires a brief and concise statement of facts in the complaint, Rule 8(a)(3) of the Federal Rules of Civil Procedure specifically requires that a complaint contain "a demand for judgment for the relief the pleader seeks."  The basic premise of Rule 54, however, is that the proof, not the pleadings, dictates what relief a successful Plaintiff is entitled to recover.  Yet, where the failure to specifically request a particular form of relief prejudices the opposing party in its defense of the claims asserted, granting that relief under Rule 54(c) is improper.  *See, e.g., Albemarle Paper Co. v. Moody*, 422 U.S. 405, 423-25 (1975) (stating that Rule 54(c) does not apply where the conduct of the party seeking to invoke it "has improperly and substantially prejudiced the other party"); *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716-17 (4th Cir. 1983)

---

[2]In relevant part, Rule 54(c) states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

(upholding denial of claim for treble damages because failure to include such a claim in the complaint denied the defendant the opportunity to realistically appraise settlement and litigation strategy).

In this case, Plaintiff did not allege any fact in his complaint indicating that he had suffered an emotional injury of any sorts. The closest Plaintiff comes to this is his allegation that Defendant's agents used "intimidation" against him. (Complaint at ¶¶ 3 and 4.) The allegation that Defendant intimidated Plaintiff, however, does not put Defendant on notice that Plaintiff seeks to hold Defendant liable for an emotional injury.[3] The court fails to see how Defendant was to have defended a claim for pain and suffering where Plaintiff made no allegation that Defendant's actions caused any such injury. Accordingly, the court will preclude such evidence.

### B.   Motion to Preclude McCool's Statement to Frank

Plaintiff contends that the court made a clear error of law by granting Defendant's motion preclude McCool's statement, allegedly made to Ronald Frank, that Plaintiff's support for Teresa Edwards' discrimination suit against Defendant was jeopardizing Plaintiff's career. The court finds, however, that McCool's statement is irrelevant. *See Ezold v. Wolf, Block, Schoor & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) (holding that statement made by non-decision makers not involved in employment decisions are of limited probative value in determining

---

[3]Plaintiff may argue that the court should liberally interpret Plaintiff's complaint because, at the time he filed the complaint, Plaintiff was not represented by counsel and filed the complaint *pro se*. The court disagrees. Shortly after filing the complaint, Plaintiff retained private counsel. Additionally, in the joint case management plan submitted on January 25, 2002, Plaintiff's counsel specifically reserved the right to file an amended complaint. However, Plaintiff never filed such an amended complaint during the one year, two months, and twenty day period since that date. Therefore, the court will not allow Plaintiff to invoke the liberal standards for interpreting *pro se* filings.

whether a defendant's proffered non-discriminatory reason for an adverse employment decision was a pretext for discrimination).  The evidence adduced at the summary judgment phase indicated that McCool was not a member of the relevant interview panel, nor was that panel's decision subject to his approval.  The court, therefore, cannot see how McCool's opinion about the adverse effect of Plaintiff's support for Edwards tends to prove that Defendant did not promote Plaintiff because of his support for Edwards' case.  The court finds that the potential prejudicial effect of the statement greatly outweighs the statement's slight probative value.  Accordingly, the court will preclude the statement's introduction.  *See* Fed. R. Evid. 403.

### C.  Motion to Preclude Wickard's Alleged Misconduct.

Plaintiff contends that the court committed a clear error of law by precluding Plaintiff from testifying about two instances of misconduct by Dale Wickard, one of the two employees promoted to the Duty Officer position in April 1999.  This testimony is clearly inadmissible hearsay.  *See* Fed. R. Evid. 802.  Plaintiff did not witness either of these events.  Instead, he was told about these events by other persons who may, or may not, have witnessed the events.

Additionally, the court finds that testimony regarding Wickard's alleged misconduct would be of limited probative value in determining whether Plaintiff was not promoted because he supported Edwards' discrimination suit.  Defendant contends that it did not promote Plaintiff because he did not have the requisite level of leadership experience for the Duty Officer position.  The fact that Wickard, who was promoted, may have engaged in work misconduct has nothing to do with whether Defendant's stated reason for not promoting Plaintiff is pretextual.

Moreover, one of these incidents is of a salacious nature and occurred well in the past. Thus, its introduction would do nothing more than inflame the jury's passion. Thus, even if the statements did not constitute inadmissible hearsay, the court would preclude their introduction because the limited probative value of the statements is substantially outweighed by their potential for unfair prejudice. *See* Fed. R. Evid. 403.

### D.     **Motion to Preclude Evidence Relating to the other Two Job Duty Officer Postings**.

Plaintiff also contends that the court made a clear error of law by precluding Plaintiff from providing evidence relating to the two subsequent Duty Officer job postings in July 1999 and November 2000. According to Plaintiff, this evidence demonstrates a pattern of retaliatory behavior. The court disagrees.

The only issue at trial is whether Defendant retaliated against Plaintiff by not promoting him in response to the April 1999 Duty Officer posting. In disposing of the motion for summary judgment, the court held that Defendants were entitled to summary judgment on Plaintiff's claims that Defendants retaliated against Plaintiff by not promoting Plaintiff in response to the Duty Officer postings in July 1999 and November 2000. Therefore, Defendant cannot be held liable based on these incidents. Thus, facts related to the hiring process for those positions is not germane to the issue set for trial. Therefore, the court will exclude such evidence as irrelevant. *See* Fed. R. Evid. 402.

### IV.     **McCool's Renewed Motion to Quash Subpoena**

On April 3, 2003, Joseph McCool filed a motion to quash a subpoena which Plaintiff had served upon him. By an order dated April 7, 2003, the court

denied that motion. However, the court noted that Plaintiff's subpoena did not indicate whether he had provided Mr. McCool with the fees for his appearance and mileage. Accordingly, the court indicated that it would entertain a renewed motion from Mr. McCool if Plaintiff failed to provide the required witness fee and mileage allowance in advance of trial.

On April 11, 2003, Mr. McCool notified the court, via facsimile, that he wished to renew his motion to quash. In that document, Mr. McCool indicated that Plaintiff failed to provide sufficient payment for the witness fee and mileage allowance. Also on April 11, 2003, Plaintiff provided supplemental proof of service. In that document, Plaintiff indicated that he rendered a check to Mr. McCool in the amount of $100 to cover the applicable witness fee and mileage allowance.

However, this amount is insufficient. Mr. McCool lives 115 miles from the Federal Courthouse in Harrisburg, Pennsylvania. Thus, Mr. McCool would have to travel 230 miles roundtrip for his appearance. Applying the appropriate mileage rate of $.36 per mile, Plaintiff should have tendered Mr. McCool a check in the amount of $122.80; $82.80 mileage allowance plus the $40 witness fee. *See* 28 U.S.C. § 1821(c).[4] Mr. McCool is correct. Plaintiff has failed to provide a check in the appropriate amount.

More fundamentally, however, the court has already determined that Mr. McCool's statements are irrelevant in determining Defendant's liability in this case. *See supra* at Part III.B. Therefore, his testimony is not admissible. *See* Fed. R.

---

[4]Additionally, Plaintiff was required to pay Mr. McCool's toll charges. *See* 28 U.S.C. § 1821(c)(3).

Evid. 402. Accordingly, the court will grant Mr. McCool's renewed motion to quash.

V.        **Conclusion**

In accordance with the matters discussed in this memorandum, the court will deny Plaintiff's motion for reconsideration of the court's order of April 8, 2003. Additionally, the court will grant Joseph McCool's renewed motion to quash the subpoena issued to him. An appropriate order will issue.

                                                             s/Sylvia H. Rambo
                                                             SYLVIA H. RAMBO
                                                             United States District Judge

Dated: April 15, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY E. WILLIAMS,** | **CIVIL NO. 1:CV-01-0877** |
| **Plaintiff** | |
| v. | |
| **PENNSYLVANIA TURNPIKE COMMISSION,** | |
| **Defendant** | |

### O R D E R

In accordance with the matters discussed in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's motion for reconsideration is **DENIED**; and

(2) Joseph McCool's renewed motion to quash his subpoena is **GRANTED**.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: April 15, 2003.