# ORIGINAL
2 to a

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY E. WILLIAMS JR.,** | : CIVIL ACTION NO.: 1:CV-01-0877 |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **PENNSYLVANIA TURNPIKE** | : |
| **COMMISSION,** | : |
| **Defendants** | : |

J. Rambo

FILED
HARRISBURG, PA

MAY 2 7 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## BRIEF IN SUPPORT OF PLAINTIFF'S POST TRIAL MOTIONS

### I.     INTRODUCTION

On April 16, 2003, this Court entered Judgment in favor of Defendant on the verdict of the jury before whom the case was tried on April 14 and 15, 2003. Plaintiff raises only one substantive issue for purposes of his post-trial motions: whether the Court erred in submitting an improper verdict question to the jury that was inconsistent with its proper instructions governing the legal standard at issue in this retaliation case.  Plaintiff also submits that the Court erred in quashing the

subpoena issued to Joseph McCool, which prejudiced Plaintiff's ability to present evidence of the decision-maker's direct retaliatory animus against Plaintiff.

## II.    ARGUMENT

### A.    Verdict Question

Under Fed. R. Civ. P. 49, a special verdict question may be submitted to the jury, so long as it is justified by the substantive law. *See Miller v. Premier Corp.*, 608 F.2d 973 (4th cir. 1979). In this case, there was considerable discussion during the charge conference about the issue of the proper legal standard to govern this case, and, in response to Plaintiff's objection, the Court revised its instructions to the jury to eliminate a reference to an improper legal standard requiring that Plaintiff "actually assisted" his co-worker in a complaint of discrimination against the employer, and instead followed the statutory language of Title VII in its instruction to the jury, the Court refused to eliminate the "actually assisted" language from the special verdict question submitted to the jury. Why the Court revised its instruction to the jury, but refused to revise its verdict question to the jury is a mystery; however, as a result, the jury's finding - that Plaintiff did not actually assist his co-worker in a complaint of discrimination against her employer - caused a verdict to be returned against him despite the fact that the evidence

2

otherwise supported his legal contention that he was retaliated against for opposing acts and/or practices made unlawful by Title VII. Under the circumstances, the only proper legal issue was never determined, and the jury returned a verdict against Plaintiff on a factual determination made from an improper legal frame of reference. This Court erred, and must grant Plaintiff a new trial.

### B.    McCool Subpoena

Fed. R. Civ. P. 45 requires a tender of the witness fee and mileage be made in order to effectuate service of a subpoena. Plaintiff clearly made a "tender" of the witness fee and mileage, and the Court erred in accepting the representations made in Mr. McCool's, and granting the motion without holding a hearing. More importantly, however, it is clear, especially in light of the evidence presented at trial, that Joseph McCool, who was absented from trial, together with Joseph Sullivan, who is deceased, were the central witnesses in Plaintiff's case, and Plaintiff was severely prejudiced by having been denied the opportunity to present Mr. McCool's live testimony.

## III.    CONCLUSION

For the foregoing reasons, and under the foregoing authorities, Plaintiff's

Post Trial Motions should be granted, and a new trial ordered.

Respectfully submitted,

**BAILEY STRETTON & OSTROWSKI**

By: _____

Andrew J. Ostrowski
PA I.D. No.: 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy

of the foregoing document upon the following counsel of record by depositing the same in the

U.S. Mail, postage prepaid,  addressed as follows:


John C. Romeo, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-2706


By
Andrew J. Ostrowski, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500


Dated: May 27, 2003