IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY E. WILLIAMS, JR.,** : | **CIVIL NO.1:CV-01-0877** |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA TURNPIKE** : | |
| **COMMISSION,** : | |
| Defendant : | |

## MEMORANDUM AND ORDER

**I.      Background**

On April 14 and 15, 2003, a jury trial was held in the captioned case. Following the trial, the court entered judgment in favor of Defendant in accordance with the jury's verdict. Plaintiff has filed post trial motions in which he alleges that the court erred (1) because the verdict form submitted to the jury was improper, and (2) in quashing the subpoena issued to Joseph McCool. Plaintiff seeks a new trial.

**II.      Discussion**

The decision to grant or deny a new trial is committed to the sound discretion of the trial court. *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 812 (3d Cir. 1984); *2601 Inc. v. Planned Management Constr. Corp.*, 152 F.R.D. 60 (E.D. Pa. 1993). "Such a motion should be granted when, in the opinion of the trial court, the verdict is contrary to the great weight of the evidence, thus making a new trial necessary to prevent a miscarriage of justice." *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir. 1988) (citing 9 Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure §§ 2531 at 575-76 (2d ed. 1987); 6A James Wm. Moore *et al.*, Moore's Federal Practice ¶ 59.08[5], at 59-140 to 59-150 (2d ed. 1986)).

### A. Verdict Slip

The wording of the verdict form question at issue reads, "Did Plaintiff prove by a preponderance of the evidence that he was not promoted to a duty officer position June of 1999 because he assisted another co-worker in pursuing a racial discrimination claim?" Plaintiff now objects to the use of the word "assisted" as being contrary to the jury instruction wherein the court instructed that Plaintiff claimed he was retaliated against for "opposing alleged acts and practices made unlawful under Title VII." (Jury Charge at p. 31.)

At the charge conference, the wording of the verdict form was discussed. At one point, Plaintiff's counsel stated, "I think the verdict slip prepared by the court is perfectly appropriate under the circumstances of the case." (Transcript at p. 279, line 25 to p. 280, lines 1-2.) After further discussion by defense counsel, Plaintiff's counsel said, "I propose did Plaintiff prove by a preponderance of the evidence that he was not promoted to a Duty Officer position in April of 1999. . . because he opposed acts or practices made unlawful by Title VII." (Transcript at p. 280, lines 8-10 and 12-13.) After further discussion, the court altered the initial jury question to use the words "pursuing a racial discrimination claim." (Transcript at p. 281, lines 7-8.) No further objections were made.

Moreover, in Plaintiff's closing argument to the jury, counsel discussed the jury verdict form and specifically referred to the language which he now claims was misleading. (Transcript at p. 291, lines 2-03, and p. 292, lines 13-16.) Not only

did Plaintiff's counsel not object to the final wording of the verdict question, he adopted it.

The verdict slip, when read in conjunction with the jury charge, could not have mislead or confused the jury. A copy of the charge went out with the jury.[1]

### B. McCool Subpoena

Plaintiff claims the court erred in quashing a subpoena issued to Joseph McCool because he made a tender of the witness fee and mileage to Mr. McCool and his testimony was central to Plaintiff's case.

On April 2, 2003, Plaintiff attempted to serve Mr. McCool with a subpoena for attendance at trial. McCool subsequently filed a motion to quash, stating that Plaintiff failed to tender the necessary witness fee and mileage as required by Federal Rule of Civil Procedure 45. By order dated April 2, 2003, the motion to quash was denied, giving Plaintiff the opportunity to demonstrate that the appropriate fee and mileage had been tendered, and allowed McCool to renew his motion to quash if said fees and mileage had not been tendered by Friday, April 11, 2003. However, by order dated April 8, 2003, the court granted Defendant's motion *in limine* to preclude evidence of McCool's alleged statement to Ronald Frank regarding Plaintiff's future with the Pennsylvania Turnpike Commission.

On April 11, 2003, McCool renewed his motion to quash. At that point, Plaintiff had tendered $100.00 to McCool. Mileage, however, from Mr. McCool's residence to the courthouse is 115 miles. The mileage plus witness fee amounted to $122.81 plus Turnpike tolls. Thus, the tender being insufficient, the motion to quash was granted by order dated April 15, 2003. In that same order, the court also denied

---

[1] The pertinent part of the charge is attached hereto as Exhibit A.

Plaintiff's motion for reconsideration of its decision to grant Defendant's motion *in limine* to preclude evidence of McCool's statement to Frank.

Plaintiff claims he was severely prejudiced by not having McCool's testimony. However, as the court explained in its memorandum of April 15, 2003, admission of McCool's statement to Frank would have violated Federal Rule of Evidence 403. Thus, the court's decisions to preclude McCool's testimony and to ultimately quash the subpoena issued to him may have caused prejudice to Plaintiff's cause of action, but it was not unfair prejudice. The evidence was precluded because its admission was contrary to the Federal Rules of Evidence and the subpoena was quashed because Plaintiff failed to provide the required witness fee.

### III.     Conclusion and Order

There were no errors at trial that produced a result inconsistent with substantial justice. *See Roebuck v. Drexel University*, 852 F.2d at 735-36. Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's post trial motion for new trial is denied.

                                                  s/Sylvia H. Rambo
                                                  Sylvia H. Rambo
                                                  United States District Judge

Dated: July 23, 2003.

> Now the Plaintiff alleges that the Defendant Pennsylvania Turnpike Commission retaliated against him for having opposed alleged discriminatory actions that Plaintiff believed Defendant took with respect to another employee.

(Transcript, p. 309, lines 18-21.)

> Specifically, Plaintiff claims that he did not receive a promotion to the position of Duty Officer in 1999 because he voiced his opposition to the Turnpike Commission's treatment of Plaintiff's coworker Terri Edwards.

(Transcript, p. 209, lines 22 to p. 310, line 1.)

> The applicable provision of [Title VII] states: Quote – it shall be [an] unlawful employment practice for an employer to discriminate against any of his employees because the employee has opposed any practice made unlawful by this subchapter – end quote.

(Transcript, p. 310, lines 5-9.)

> Thus Title VII prohibits an employer from retaliating against an employee because that employee opposed a discriminatory employment practice *or assisted* [emphasis added] or participated in an investigation or proceeding involving a claim of employment discrimination.

(Transcript, p. 310, lines 10-15.)

> Now a person who opposed acts or practices directed at a coworker that may be unlawful under Title VII is engaged in activity protected under Title VII. Thus a person has engaged in protected activity when he or she opposes discrimination based on a protected category such as race.

(Transcript, p. 311, lines 7-12.)

# EXHIBIT A